561 P.2d 313

**STATE of Arizona, Appellant,**

v.

**Marian VILLALOBOS, Appellee.**

**No. 3723–PR.**

Supreme Court of Arizona,
In Banc.

March 1, 1977.

Review Granted December 7, 1976.

Bruce E. Babbitt, Atty. Gen., Phoenix, Dennis DeConcini, Former Pima County Atty., David G. Dingeldine, Pima County Atty. by Dale A. Anderson, Deputy County Atty., Tucson, for appellant.

Michael Lacey, Tucson, for appellee.

HOLOHAN, Justice.

Marian Villalobos was tried and convicted of using the telephone to terrify, intimidate, threaten, harass, annoy or offend in violation of A.R.S. § 13–895. Her motion for a new trial was granted by the superior court. The state appealed. The Court of Appeals, Division Two, in a Memorandum Decision, 2 CA–CR 809, reversed the order of the superior court. We granted review. The decision of the Court of Appeals is vacated and the order of the superior court granting a new trial is affirmed.

The state raised two issues: Was the motion for a new trial timely? Did the trial court err in granting a new trial?

Rule 24.1, Rules of Criminal Procedure, 17 A.R.S., provides that a motion for a new trial shall be made within 10 days after the verdict has been rendered. In this case the last day for filing the motion was January 2. The motion for new trial bears the clerk's filing date of January 5, 1976, at 7:57 a. m. Counsel for the defendant submitted an affidavit in which he swears that the motion was filed on Friday, January 2, at approximately 4:30 p. m., but for reasons not known the clerk's Received stamp was not placed on it until Monday, the 5th. This position is supported by the fact that the time stamp shows 7:57 a. m. which is before the office is officially open.

The matters set forth by counsel for the defendant are not challenged. We hold that the motion was timely filed. The clerk's neglect is not to be held against the defendant.

The main contention of the state is that the trial court abused its discretion in granting a new trial. The state contends that defendant had a fair trial, free from error, and nothing contradicted the state's evidence.

The superior court's primary ground for granting a new trial was that the verdict was contrary to the weight of the evidence. The superior court has broad discretion in the matter of granting new trials, but that discretion must not be exercised in an arbitrary fashion. If an examination of the record discloses that no mistake of law or fact was made and that the evidence fully sustains the conviction, it is an abuse of discretion to grant a new trial. *State v. Duguid*, 50 Ariz. 276, 72 P.2d 435 (1937).

The state contends that its evidence is not contradicted by anything in the record. This is true except that the record is not complete. The state saw fit, pursuant to Rule 31.8(b)(2), Rules of Criminal Procedure, 17 A.R.S., to exclude that portion of the transcript which contained the testimony of the defendant. There is some dispute between the state and the defendant concerning the method by which this was accomplished. In any event the record does not contain the testimony of the defendant. It is also clear that this omission was intended by the state. The defendant contends that the failure of the state to submit a complete record precludes review of the sufficiency of the evidence. We agree with the position of the defendant. *State v. Bennett*, 74 Ariz. 6, 242 P.2d 840 (1952).

The burden of establishing the contention that the superior court acted arbitrarily is upon the appellant. *State v. Duguid, supra.* When an incomplete record is presented to an appellate court, it must assume that any testimony or evidence not included in the record on appeal supported the action taken by the trial court. *State v. Wilson*, 95 Ariz. 372, 390 P.2d 903 (1964); *Picow v. Baldwin*, 77 Ariz. 395, 272 P.2d 613 (1954); *Balestreri v. U. S.*, 224 F.2d 915 (9th Cir. 1955); *U. S. v. Vanegas*, 216 F.2d 657 (9th Cir. 1954).

The state is not aided by any suggestion that the appellee could have requested the deleted portion of the record to be sent up. Rule 31.8(b)(2), *supra.* A party

questioning the sufficiency of the evidence to support the action of the trial court has the burden of including a transcript of the testimony in the record on appeal to furnish a basis for appellate review. *In re Maricopa County Juvenile Action No. J74449A,* 20 Ariz.App. 249, 511 P.2d 693 (1973).

The state having failed in its burden to show an abuse of discretion by the superior court, the action of that court in granting a new trial to the defendant must be affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concur.