570 P.2d 511

**The STATE of Arizona, Appellee,**

v.

**Ronald J. FOURNIER, Appellant.**

**No. 2 CA–CR 954.**

Court of Appeals of Arizona,
Division 2.

July 26, 1977.

Rehearing Denied Aug. 31, 1977.

Review Denied Sept. 27, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III and Lynn Hamilton, Asst. Attys. Gen., Phoenix, for appellee.

Robert L. Murray, Tucson, for appellant.

## OPINION

HATHAWAY, Judge.

Was appellant entitled to severance of two counts of burglary charged in one indictment? His position in the trial court and on appeal is that he was entitled to severance as a matter of right.

---

The indictment charged that appellant, on or about the 3rd and 10th days of December 1975, committed burglaries of the Town & Country Pharmacy and the Revco Drug, respectively. At his arraignment, he entered a plea of not guilty to both counts but did not appear for trial, was tried in absentia,[1] and the jury returned a verdict of guilty as to both counts. Rule 13.3(a), Rules of Criminal Procedure, provides for joinder of offenses in an indictment, provided each is stated in a separate count, if they:

"(1) Are of the same or similar character; or

(2) Are based on the same conduct or are otherwise connected together in their commission; or

(3) Are alleged to have been part of a common scheme or plan."

Appellant contends he was entitled to severance as a matter of right pursuant to Rule 13.4(b), which states:

"The defendant shall be entitled as of right to sever offenses joined only by virtue of Rule 13.3(a)(1)."

The state's position, in opposing the motion for severance, was that the burglaries were not joined because of their similar character, but rather as a part of a common scheme or plan within Rule 13.3(a)(3), supra. Appellant counters this argument by contending that since the state did not allege in the charging document that the burglaries were part of a common scheme or plan, Rule 13.4(b), came into play.

We do not believe that the state was required to include such an allegation in the indictment as a prerequisite to joinder or to foreclose severance. As the comment to Rule 13.3(a) points out, the rule does not materially alter Arizona law except in one situation. Under prior case law, if the state relied on a series of acts to show criminal conduct, it was necessary that the acts be sufficiently related, in time and relationship, to a common plan or scheme to be considered a single criminal offense. The

---

1. No question is raised on appeal as to the propriety of trying appellant in absentia and the record reflects evidentiary support for a

Rule 9.1, Rules of Criminal Procedure, waiver of his right to be present.

new rule, on the other hand, allows joinder of offenses which are of the same or similar character whether or not they are part of a single plan.

We do not construe the language of Rule 13.3(a)(3) as requiring a formal allegation in the charging document that the offenses were part of a common scheme or plan. If the drafters of the rule had so intended, they would have so stated. As we read the rule, the clear intent was to allow joinder of multiple offenses in one charge, with each offense stated in a separate count, when the offenses constitute part of a common scheme or plan. See ABA, Standards Relating to Joinder and Severance, § 1.1 (approved draft 1968).

■ The record reflects several facts common to the two burglaries which show a common plan or scheme: each was of the same type of business establishment, a pharmacy; each involved theft of narcotics; entry was made through a hole in the roof in each instance; each occurred at about 1 a. m.; the location of the pharmacies was in the same neighborhood; the burglar wore tennis shoes in each instance and fled leaving his dufflebag containing the stolen articles when the burglar alarm went off; and the burglaries were a week apart. Under these circumstances, joinder was appropriate. See *State v. Dale,* 113 Ariz. 212, 550 P.2d 83 (1976); *State v. Mincey,* 115 Ariz. 472, 566 P.2d 273 (No. 3283 filed 5/11/77).

Affirmed.

HOWARD, C. J., and RICHMOND, J., concurring.