576 P.2d 118

The STATE of Arizona ex rel. Andy BAUMERT, Phoenix City Attorney, Petitioner,

v.

The SUPERIOR COURT of the State of Arizona FOR MARICOPA COUNTY, and the Honorable Robert C. Broomfield, Presiding Judge thereof, and the Honorable Edward C. Rapp, Judge thereof, and Joseph ABODEELY, Appellant and Real Party in Interest, Respondents.

No. 13357.

Supreme Court of Arizona, In Banc.

Feb. 21, 1978.

Rehearing Denied March 21, 1978.

Andy Baumert, City Atty. by Michael K. Carroll, Asst. City Pros., Phoenix, for petitioner.

Frederick M. Aeed, Phoenix, for respondent Joseph Abodeely.

HOLOHAN, Justice.

We took jurisdiction of this special action to determine whether the Superior Court abused its discretion by not requiring a full transcript on appeal of the proceedings in a criminal case tried by the Municipal Court of the City of Phoenix.

Joseph Abodeely was tried before the Phoenix Municipal Court for speeding, was convicted, and sentenced to pay a $17 fine. Abodeely then appealed on the grounds

that there was insufficient evidence as to the identity of the person cited and submitted a partial record containing the cross-examination of the arresting officer.

The state moved to dismiss the appeal on the basis that Rule 7 of the Rules of Procedure for Appeals to the Superior Court from the Final Judgment of a Justice or Police Court, 17A A.R.S., required a full record of the proceedings in the trial court in the absence of an agreed statement as to the record on appeal. The Superior Court ordered the state to designate additional portions of the trial record and ordered the defendant to pay for the costs of the additional portions of the transcript. The defendant filed a motion to reconsider the ruling of the Superior Court.

The Superior Court on July 8, 1977 vacated its previous order and reserved the issue as to the transcript until the time for determination of the appeal. The Superior Court considered the case on the partial transcript and reversed the judgment of the Municipal Court. This special action resulted.

In 1974 the legislature amended A.R.S. § 22–374 to provide that criminal appeals from justice or police courts be heard on the record of proceedings if the record included a transcript.* If there was not a transcript of proceedings maintained in the trial court, the appeal would be heard as a trial de novo.

Shortly after the enactment of the above statute this court provided rules of procedure applicable to appeals from the final judgments of justice and police courts in criminal actions. Those rules provide that Rule 30 of the Arizona Rules of Criminal Procedure, 17 A.R.S., providing for trials de novo, shall not apply to appeals where a transcript has been made. See Rule 1(c). The rules also provide that the trial court prepare, certify, and transmit to the Superior Court the record of proceedings within 30 days of the filing of the notice of appeal. Rule 8. The cost of the transcript is to be paid for by the appellant if he is not an indigent. Rule 7(a).

In lieu of the record of proceedings in the trial court, the rules governing appeals from the justice or police court provide that the parties may submit an agreed statement as to the record on appeal. Rule 7(b). In the case at issue there was no such agreed statement filed.

█ It has been the contention of the state throughout these proceedings that the defendant in appealing a conviction by a justice or police court must furnish a complete transcript of the trial. We agree. The statute, A.R.S. § 22–374, and the rules governing such appeals require the complete record of proceedings be prepared, certified, and transmitted to the Superior Court as the appellate court. The only exception is provided in Rule 7(b) which provides for an agreed statement by the parties in lieu of the record of the proceedings.

Although the Rules of Criminal Procedure are made applicable to appeals from the justice and police courts, those rules are not applicable where a specific provision has been made in the Rules of Procedure for Appeals to Superior Court. Rule 1(b). The rules governing appeals to the Superior Court have made specific provisions for providing a transcript on appeal or in lieu of the transcript for furnishing an agreed statement. Such specific provisions in the rules applicable to appeals to the Superior Court govern against any contrary provision in the Rules of Criminal Procedure. Rule 1(b).

█ In addition, we believe that the action of the respondent in furnishing an incomplete transcript on appeal requires affirmance of the municipal trial court. We have held that failure to submit a complete record on appeal precludes review of the sufficiency of the evidence. *State v. Villalobos*, 114 Ariz. 392, 561 P.2d 313 (1977). Further, when an incomplete record is presented to an appellate court, it must assume that any testimony or evidence not included in the record on appeal supported

* A.R.S. § 22–374 also allows an appeal on a record as stipulated by the parties.

the action taken by the trial court. *State v. Villalobos, supra.* Faced with an incomplete transcript the Superior Court abused its discretion by not affirming the municipal trial court.

The state also complains that the Superior Court denied its request for oral argument. There is some dispute whether the state requested oral argument. Rule 11, Rules of Procedure for Appeals to Superior Court provides that the Superior Court shall grant oral argument upon the request of a party. If there was a request for oral argument, the Superior Court should have granted the request. In view of the disposition to be made of this matter, the issue of oral argument is mooted.

The action of the Superior Court in deciding the appeal on a partial transcript was an abuse of discretion. The decision of the Superior Court is reversed, and that court is directed to affirm the judgment of the City Court of the City of Phoenix and to remand the case to the City Court for carrying out the sentence imposed.

STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concur.

CAMERON, Chief Justice, concurring.

I agree with the reasoning of the majority. However, I disagree with the disposition. I believe the matter should be returned to the Superior Court for a new determination consistent with the guidelines as set forth in the opinion.