587 P.2d 742

**STATE of Arizona, Appellant,**

v.

**James G. JONES, Appellee.**

**No. 4308–PR.**

Supreme Court of Arizona,
En Banc.

Nov. 9, 1978.

Rehearing Denied Dec. 12, 1978.

Charles F. Hyder, Maricopa County Atty., by Joseph E. Abodeely and Frank T. Galati, Deputy County Attys., Phoenix, for appellant.

Thinnes & Rawles by Thomas V. Rawles, Phoenix, for appellee.

HAYS, Justice.

The appellee, James G. Jones, was convicted by a jury of bribery, forgery, grand theft, grand theft by embezzlement, and petty theft by embezzlement. Subsequently, Jones was granted a new trial and the order was affirmed by the Court of Appeals. This court granted the appellant State of Arizona's petition for review. The opinion of the Court of Appeals, 1 CA–CR 2396, filed May 9, 1978, is vacated and the

trial court's order granting a new trial is quashed.

James G. Jones was the director of the Arizona Coliseum and Exposition Center, a state agency, between 1970 and 1974. His activities during that period gave rise to a 92-count indictment by the grand jury and to his subsequent trial on 53 counts. He was convicted of ten counts of bribery, four counts of forgery, two counts of petty theft by embezzlement, one count of grand theft by embezzlement, and one count of grand theft. The bribery charges were based on the acceptance by Jones of compensation in exchange for favored treatment to certain concessionaires with respect to their participation in Coliseum events. The forgery counts involved the forging of signatures connected with two phony promotion companies which Jones created. The embezzlement counts referred to the diversion of certain Coliseum funds by Jones for his personal use. The grand theft charge resulted from the theft by Jones of a bag of money from a concessionaire.

Jones had no objection to being tried for all the bribery charges together, or all the embezzlement charges together, or all the forgery charges together, but did object to the joinder of all these charges in one trial. Jones' timely motions to sever were denied by the trial court.

Following the trial, it was discovered that certain evidence in the possession of the prosecution had not been disclosed to Jones, which evidence Jones claimed to be favorable to his case. Jones had previously moved for and had been granted a disclosure order.

Based on allegations of improper joinder of counts and of failure by the prosecution to disclose evidence required to be disclosed, Jones moved for a new trial. The motion was granted on both grounds.

We are faced with the following issues:
1. Whether the bribery, forgery, embezzlement, and grand theft counts were properly joined;
2. Whether joinder based on the existence of a "common scheme or plan" must be specifically pleaded;

3. Whether, if joinder were proper, the trial court abused its discretion in granting a new trial for improper joinder; and

4. Whether the prosecution's failure to disclose certain evidence justified ordering a new trial.

## JOINDER OF COUNTS

Under Rule 13.3(a), Arizona Rules of Criminal Procedure, counts may be joined when they:

"(1) Are of the same or similar character; or

(2) Are based on the same conduct or are otherwise connected together in their commission; or

(3) Are alleged to have been a part of a common scheme or plan."

■ By specifying in Rule 13.3(a) when counts may be properly joined, the rule impliedly forbids the joinder of counts not within those guidelines. *State v. Stago,* 82 Ariz. 285, 287, 312 P.2d 160, 161 (1957). Therefore, unless the counts here involved enjoy a Rule 13.3 relationship, it was error to join them at trial.

Although a persuasive argument may be made that Jones' conduct for the four-year period in question is so related as to be properly joined under all three of the criteria for joinder found in Rule 13.3, the most appropriate basis for joinder in this case appears to be that the conduct evinced a "common scheme or plan." Rule 13.3(a)(3), Arizona Rules of Criminal Procedure.

■ Recently, in *State v. Dale,* 113 Ariz. 212, 215, 550 P.2d 83, 86 (1976), this court indicated that:

"The phrase 'common scheme or plan' as employed in Rule 13.3(a) bears the same meaning as 'common scheme or plan' used in the context of the exception to the rule against the use of evidence in one prosecution tending to prove the commission of a crime distinct and independent of the one for which the accused is on trial."

In other words, counts may be joined when they constitute a common scheme or plan as defined by the law of evidence.

■ A common scheme or plan is said to exist, for evidentiary purposes, if the proof of one crime tends to prove or establish the other. *State v. Downing,* 109 Ariz. 456, 458, 511 P.2d 638, 640 (1973).

What was the "common scheme or plan" devised and used by Jones? It was a scheme whereby Jones, employing the power and force of his public office, sought to enrich himself. This scheme embraced a variety of criminal acts to accomplish its purpose, but in all instances the objective was the same and the means, *i. e.,* use of a public position, was the same. The objective of self-enrichment was attained by a complete betrayal of the public trust reposed in his office.

All the charges were based on activity performed by Jones which was made possible and effective because of his position as a public officer. Jones had the power to provide more and better locations for those who paid bribes, and he also had the power to exclude concessionaires from playing the fair if a bribe were not forthcoming. He had the power to negotiate and approve contracts and to direct the activities of all the fair employees; he had access to and control over fair accounts and records and was privy to inside information. Jones could affect the livelihood of all fair employees and concessionaires. This raw power in the hands of an amoral official produces a use and abuse which must be recognized for what it is: a plan and scheme to loot.

■ In our research we have found no cases specifically on point nor has the state cited any, but reason and logic dictate that under the facts reflected by the record herein, "a common scheme or plan" exists which permits the counts in this case to be joined.

## FORMAL PLEADING REQUIREMENT

■ Jones also raises a related issue: whether Rule 13.3(a)(3), Arizona Rules of Criminal Procedure, requires that a common scheme or plan be specifically alleged

as part of the charge if that is the justification for the joinder of counts.

We adopt the position taken in *State v. Fournier,* 116 Ariz. 569, 570 P.2d 511 (App. 1977), that no such allegation is necessary to properly join counts as part of a common scheme or plan. Rule 13.3(a)(3) simply states one of the relationships which justify joinder. It does not create any formalized pleading requirement.

## DISCRETIONARY GRANTING OF NEW TRIAL

Since we find that the counts were properly joined below, and that the existence of a common scheme or plan need not be specifically pleaded, we must now determine whether the trial court abused its discretion in granting a new trial for the reasons given in its order.

The trial court's order granting a new trial based on misjoinder indicated in relevant part:

"`.  .  .` (2) That the Court erred in the decision of a matter of law in failing to grant the motion of said Defendant for severance of offenses for trial; and (3) That the Defendant by reason of the above did not receive a fair and impartial trial."

It is important to note that the language in part "(2)" of the court's order is quoted from Rule 24.1(c)(4), Arizona Rules of Criminal Procedure, which permits the court to grant a new trial when "[t]he court has erred in the decision of a matter of law `.  .  .`"

Part "(3)" of the court's order is quoted from Rule 24.1(c)(5) which allows a new trial if "*[f]or any other reason* `.  .  .` the defendant has not received a fair and impartial trial." (Emphasis added.)

Although both Rule 24.1(c)(4) and 24.-1(c)(5) provide independent bases on which the trial court may grant a new trial, we find that the order in question was based only on Rule 24.1(c)(4), the supposed error in the "decision of a matter of law." This conclusion is necessary because of the wording of the trial court's finding that the

defendant had been deprived of a fair and impartial trial "*by reason of the above* [error in the decision of a matter of law]." (Emphasis added.) Therefore, the court's order was not based on an independent finding of deprivation of a fair trial, but only on its conclusion that it had erred as to the joinder issue.

▮ Since we have found that the joinder of the counts below was not error, the question now is whether the trial court abused its discretion by granting a new trial based on its erroneous conclusion that the counts were misjoined. It is well settled that the decision to grant a new trial is within the sound discretion of the trial judge. *State v. Villalobos,* 114 Ariz. 392, 561 P.2d 313 (1977). It is equally well settled, however, that "[i]f an examination of the record discloses that no mistake of law or fact was made and that the evidence fully sustains the conviction, it is an abuse of discretion to grant a new trial." *Id.* at 394, 561 P.2d at 315.

Since we have found that the trial court did not err "in the decision of a matter of law," *i. e.,* that the joinder in this case was proper, and since we have examined the record and found that there was sufficient evidence in the record to support the convictions, we conclude that the trial court abused its discretion in granting a new trial based on improper joinder.

## DISCLOSURE OF EVIDENCE

Following his trial and conviction, Jones learned that the state had interviewed an associate of Jones and had made several hand-written notes of the associate's responses. The interview produced several statements which were not disclosed by the prosecution. The trial court had already directed a discovery order to the state. After examining the undisclosed interview notes and following a post-trial hearing on the matter, the court ordered a new trial indicating in part:

"`.  .  .` that the County Attorney `.  .  .` contrary to law and the Orders of the Court, failed to disclose informa-

tion in his possession to the Defendant which information was favorable to the Defendant and which tended to negate the Defendant's guilt on certain of the crimes charged. . . ."

Rule 15.1, Arizona Rules of Criminal Procedure, requires that the prosecution make available to the defendant within ten days after arraignment certain information including:

"All material or information which tends to mitigate or negate the defendant's guilt as to the offense charged, or which would tend to reduce his punishment therefor . . . ." Rule 15.1(a)(7), Arizona Rules of Criminal Procedure.

■ The requirement to disclose information which *tends to mitigate or negate the defendant's guilt* has long been a part of Arizona law. *State v. Salcido,* 109 Ariz. 380, 509 P.2d 1027 (1973); *State v. Maloney,* 105 Ariz. 348, 464 P.2d 793 (1970), *cert. denied,* 400 U.S. 841, 91 S.Ct. 82, 27 L.Ed.2d 75 (1970); *State v. Fowler,* 101 Ariz. 561, 422 P.2d 125 (1967). These decisions had as their basis the earlier United States Supreme Court decision of *Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 1196–97, 10 L.Ed.2d 215, 218 (1963), which held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith of the prosecution." Arizona and subsequent United States Supreme Court cases require the disclosure of this favorable evidence whether or not it is requested by the defendant. *United States v. Agurs,* 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976); *State v. Salcido, supra.* Likewise, Rule 15.1 requires automatic disclosure. Rule 15.1(a), Arizona Rules of Criminal Procedure.

Failure to disclose such information may lead to a variety of sanctions aside from disciplinary consequences under the Code of Professional Responsibility.[1] One such sanction is the declaration of a mistrial under Rule 15.7(a), Arizona Rules of Criminal Procedure, and the granting of a new trial as occurred in this case.

■ Simply stated, the rule is that the prosecution must turn over to the defendant full information regarding any exculpatory evidence it possesses unless the defendant actually has knowledge of such evidence. Under the facts revealed by the record, although the defendant knew that a witness was to be interviewed by the state, *he did not know what exculpatory testimony, if any, would ultimately be revealed to the state at that interview. As a caveat to prosecutors, we wish to indicate that if you are in doubt as to whether or not a defendant knows of certain exculpatory evidence already known to the state, reveal it.*

■ It was not necessary or appropriate, however, for the trial court to grant a new trial as to the entire case when the exculpatory evidence the county attorney failed to reveal applied only to counts 31 and 73. We therefore dismiss counts 31 and 73 because of the failure of the county attorney to disclose pursuant to *Brady* and Rule 15.1, Arizona Rules of Criminal Procedure.

The opinion of the Court of Appeals is vacated and the order of the trial court granting a new trial is quashed. The trial court is ordered to enter judgments of conviction in accord with the jury verdict except for counts 31 and 73 which are dismissed. It is further ordered that the trial court proceed with the imposition of sentences on the remaining counts.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.

---

1. Disciplinary Rule 7–103(B), Code of Professional Responsibility, provides that:

"A public prosecutor or other government lawyer in criminal litigation shall make timely disclosure to counsel for the defendant, or to the defendant if he has no counsel, of the existence of evidence, known to the prosecutor or other government lawyer, that tends to negate the guilt of the accused, mitigate the degree of the offense, or reduce the punishment."