218 P.3d 1093

The STATE of Arizona, Appellant,

v.

Adam Scott KING, Appellee.

No. 2 CA–CR 2009-0047.

Court of Appeals of Arizona,
Division 2, Department B.

Nov. 6, 2009.

Barbara LaWall, Pima County Attorney By Jacob R. Lines and Amy S. Ruskin, Tucson, Attorneys for Appellant.

Barton & Storts, P.C. By Brick P. Storts, III, Tucson, Attorneys for Appellee.

## OPINION

BRAMMER, Judge.

¶ 1 The state appeals from the trial court's grant of appellee Adam Scott King's motion for a new trial after a jury found him guilty of second-degree murder. The state argues the trial court abused its discretion in concluding the jury should have been instructed on self defense. We reverse.

### Factual and Procedural Background

¶ 2 Viewed in the light most favorable to sustaining King's conviction, *see State v. Haight–Gyuro*, 218 Ariz. 356, ¶ 2, 186 P.3d 33, 34 (App.2008), the evidence at trial established that on April 22, 2008, King became involved in an altercation with a homeless man, G. During the incident, King struck G. several times and kicked him in the side. G. was found dead several days later. He had died from internal bleeding caused by a blunt-impact laceration of the spleen. G. also had five broken ribs on his left side. The medical examiner testified G. had died between twenty-four and forty-eight hours before being found and an individual with similar injuries could survive for more than a day. A grand jury indicted King for second-degree murder.

¶ 3 During a police interview, King asserted that, before the altercation, G. had thrown and hit King on the head with a full, two-liter bottle of water. Based on that assertion, King asked the trial court to give a self-defense jury instruction. The court denied the request. After a six-day trial, the jury found King guilty of second-degree murder. He then moved for a new trial, arguing, inter alia, that the court had erred in refusing to give the instruction because there was "the

slightest evidence" King had acted in self defense. The trial court agreed and granted King a new trial. This appeal followed.

### Discussion

¶ 4 Section 13–404(A), A.R.S., provides that "a person is justified in threatening or using physical force against another when and to the extent a reasonable person would believe that physical force is immediately necessary to protect himself against the other's use or attempted use of unlawful physical force." If the defendant presents evidence of justification, A.R.S. § 13–205 places the burden on the state to prove beyond a reasonable doubt that the defendant did not act with justification. Both parties agree a trial court must give a self-defense instruction only when the defendant has demonstrated that "(1) he reasonably believed he was in immediate physical danger; (2) he acted solely because of this belief; and (3) he used no more force than appeared reasonably necessary under the circumstance." *State v. Dumaine,* 162 Ariz. 392, 404, 783 P.2d 1184, 1196 (1989).

¶ 5 Although § 13–404 provides only two elements of self defense, *Dumaine* articulates a third. *See Dumaine,* 162 Ariz. at 404, 783 P.2d at 1196. Specifically, § 13–404 does not require the defendant to have acted "solely" because of the reasonable belief that he or she was in imminent danger. The test recited in *Dumaine* was initially enunciated in *Walker v. State,* 52 Ariz. 480, 482, 83 P.2d 994, 995 (1938), which interpreted § 4590 of the 1928 Arizona Revised Code. That section was renumbered in 1939, 1939 Ariz. Sess. Laws, ch. 89, then renumbered again in 1956 to A.R.S. § 13–462.[1]

¶ 6 Section 13–462 had required, in the case of justifiable homicide, that " '[t]he circumstances ... be sufficient to excite the fears of a reasonable person, and the party killing must have acted under the influence of such fears alone.' " *See Walker,* 52 Ariz. at 482, 83 P.2d at 995, *quoting* Ariz. Rev.Code § 4590 (1928). Even though § 13–404 no

longer specifically requires that the defendant have acted "solely" because of reasonable fears of imminent danger, our supreme court has continued to define the elements of self defense as they were summarized in *Walker. See, e.g., Dumaine,* 162 Ariz. at 404, 783 P.2d at 1196. "[W]e are bound by decisions of the Arizona Supreme Court and have no authority to overrule, modify, or disregard them." *City of Phoenix v. Leroy's Liquors, Inc.,* 177 Ariz. 375, 378, 868 P.2d 958, 961 (App.1993). Both the state and King agree, moreover, that *Dumaine* correctly sets forth the elements of self defense.

¶ 7 Because we may affirm a trial court's correct decision for any reason, even one not raised by the parties, *City of Phoenix v. Geyler,* 144 Ariz. 323, 330, 697 P.2d 1073, 1080 (1985), we further review the dichotomy between § 13–404 and *Dumaine* to determine if we may do so here. If we apply the elements specified in § 13–404, we must affirm. But if we follow *Dumaine,* we cannot. The trial court's dilemma is obvious, and now it is ours.

¶ 8 The Model Penal Code, a source of Arizona's 1978 criminal code, was promulgated in 1962. *Model Penal Code* (Official 1962 Draft and Revised Comments 1985); *see also State v. Cox,* 217 Ariz. 353, ¶ 16, 174 P.3d 265, 268 (2007) (noting Arizona adopted Model Penal Code in 1978); 1 Rudolph J. Gerber, *Criminal Law of Arizona* 1–2 (2d ed.1993) (noting role of Model Penal Code as source of 1978 code revisions). Its self-defense provision states that "the use of force upon or toward another person is justifiable when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by such other person on the present occasion." *Model Penal Code* § 3.04(1). A comment to this provision squarely addresses the dichotomy we recognize here, explaining that the provision "does not demand that [the belief of necessity of defensive action] be the sole motive of [the defendant's] action," because "an inquiry into dominant and secondary

1. 1956 Ariz. Sess. Laws 3d Spec. Sess., ch. 3. As part of the 1978 criminal code revision, the Arizona legislature repealed § 13–462 and enacted § 13–404, our current self-defense statute. 1977 Ariz. Sess. Laws, ch. 142, § 15, effective October 1, 1978 (repealing § 13–462); 1977 Ariz. Sess. Laws, ch. 142, § 44, effective October 1, 1978 (adding § 13–404).

purposes would inevitably be far too complex." *Id.* § 3.04 cmt. 2(b) at 39. The footnote to this comment refers to and rejects the Arizona rule found in former § 13–462, and interpreted in *Walker,* as an antiquated minority view. *Id.* § 3.04 cmt. 2(b) n. 13 at 39 (rejecting requirement person act under influence of fear alone).

¶ 9 The history of these statutes supports our conclusion that the Model Code's self-defense provisions were adopted by our legislature in § 13–404. As with the Model Code, § 13–404 has eliminated as a prerequisite to obtaining a self-defense instruction that the defendant must have acted "solely" based on a belief of immediate physical danger. By adopting in § 13–404 the self-defense provisions suggested by the Model Code, the legislature appears to have rejected our prior jurisprudence, as announced in both statute and case law. *See* A.R.S. § 13–462; *Walker,* 52 Ariz. at 482, 83 P.2d at 995. In the cases it has decided since the adoption of § 13–404, however, our supreme court has not squarely addressed the issue we see here. Instead, it has continued to recite to its pre–1978 self-defense jurisprudence, requiring a defendant be motivated solely by such a belief. *See, e.g., State v. Grannis,* 183 Ariz. 52, 61, 900 P.2d 1, 10 (1995); *Dumaine,* 162 Ariz. at 404, 783 P.2d at 1196 (self-defense instruction will be given only if defendant can demonstrate "he acted solely because of [the reasonable] belief [of immediate physical danger]").

¶ 10 We are not in a position to harmonize the apparent conflict between the legislature's expression of public policy on self defense as embodied in § 13–404 and the supreme court's construction of that statute in the cases it has decided since 1978. We simply note the inconsistency and, as we must, defer to the supreme court any further evaluation of the matter. *See Leroy's Liquors, Inc.,* 177 Ariz. at 378, 868 P.2d at 961.

¶ 11 A defendant need produce only the "slightest evidence" of each element of self defense. *See State v. Lujan,* 136 Ariz. 102, 104, 664 P.2d 646, 648 (1983) (defendant entitled to self-defense instruction upon "slightest evidence of justification for the defensive act"); *Everett v. State,* 88 Ariz. 293, 298–99, 356 P.2d 394, 398 (1960) (defendant must produce "some evidence on each material element of the plea of self-defense"). The "slightest evidence" is evidence "tending to prove a hostile demonstration, which may be reasonably regarded as placing the accused apparently in imminent danger of losing her life or sustaining great bodily harm." *State v. Wallace,* 83 Ariz. 220, 223, 319 P.2d 529, 531 (1957); *see also Dumaine,* 162 Ariz. at 404, 783 P.2d at 1198. Put another way, the defendant must produce evidence sufficient to raise a reasonable doubt about whether he or she acted in self defense. *Walker,* 52 Ariz. at 481, 83 P.2d at 994.[2] Here, we agree with the state that King failed to produce any evidence he had acted solely because he believed he was in imminent danger, one of the three elements articulated in *Dumaine.* 162 Ariz. at 404, 783 P.2d at 1196.

¶ 12 Before trial, King asked that the jury be informed of the burden of showing self defense and proposed an instruction stating, "The State has the burden of proving the Defendant did not act in self-defense beyond a reasonable doubt. If you find the State has not proven the Defendant did not act in self-defense beyond a reasonable doubt, you must find the Defendant not guilty." In addition, King asked the trial court to instruct the jury on the law of self defense as follows:

A person is justified in threatening or using physical force against another[ ] when and to the extent a reasonable person would believe that physical force is immediately necessary to protect himself against the other[']s use or attempted use

---

2. In 1997, the Arizona Revised Statutes were amended to include § 13–205, which, at that time, placed the burden on the defendant to prove any affirmative defense, including justification defenses, by a preponderance of the evidence. 1997 Ariz. Sess. Laws, ch. 136, § 4. Section 13–205 was amended in 2006 to reflect the current state of the law, which exempts the defendant from proving justification and instead places the burden on the state to prove the lack thereof beyond a reasonable doubt. 2006 Ariz. Sess. Laws, ch. 199, § 2. Before 1997, the law governing the burden of proving a justification defense stood as it does today. Thus, the pre-1997 cases we cite remain instructive. *See, e.g., Everett,* 88 Ariz. at 296–97, 356 P.2d at 397.

of unlawful physical force. A person is also justified in threatening or using physical force against another[ ] if it reasonably appears that the other person may be about to attempt to use ... unlawful physical force against him.

Actual danger is not necessary to justify the threat or use of physical force in self defense. It is enough[ ] if a reasonable person in the Defendant's situation[ ] would have believed that he was in immediate physical danger.

It is not required that the other person be using or attempting to use physical force before a defendant is entitled to use physical force in response.

¶ 13 The trial court rejected King's proposed instructions, reasoning that insufficient evidence had been produced to support them. The court also noted King's statements to police had been "[in]sufficient to show that he was in fear and that his attack was based upon his fear to protect himself. It was a kind of a—it was a retaliation...." Although the court entertained King's argument that he had acted "to protect himself from further attack and to preserve his health and his safety," it nonetheless found the argument "a stretch" based on the court's recollection of King's statements.

¶ 14 After the jury found King guilty of second-degree murder, he moved for a new trial, based in part on the trial court's refusal to give his requested instructions. At a hearing on posttrial motions, the court was concerned it might have erred in applying a "sufficient evidence" standard for the self-defense instruction, rather than the "slightest evidence" standard that Arizona law requires. The court later granted King's motion for new trial, reasoning that "whether the defendant's use of force against [G.] was a justified response to protect against an assault, or an attempt to 'retaliate for the bottle being thrown' ... can both be supported to some extent by the facts."

¶ 15 We review the grant of a motion for new trial for an abuse of discretion. See State v. Jeffrey, 203 Ariz. 111, ¶ 17, 50 P.3d 861, 865 (App.2002); State v. Melcher, 15 Ariz.App. 157, 158 n. 1, 487 P.2d 3, 4 n. 1 (1971). However, " '[i]f an examination of the record discloses that no mistake of law or fact was made and that the evidence fully sustains the conviction, it is an abuse of discretion to grant a new trial.' " State v. Jones, 120 Ariz. 556, 559, 587 P.2d 742, 745 (1978), quoting State v. Villalobos, 114 Ariz. 392, 394, 561 P.2d 313, 315 (1977). Thus, if the trial court did not abuse its discretion in initially denying King's requested self-defense instruction, it lacked discretion to grant a new trial on that basis. See State v. Rosas–Hernandez, 202 Ariz. 212, ¶ 31, 42 P.3d 1177, 1185 (App.2002) (refusal to give proposed instruction reviewed for abuse of discretion).

¶ 16 We agree with the trial court's initial determination that the evidence did not support the giving of a self-defense instruction.[3] Contrary to the court's later conclusion, King's statements when he was interviewed did not indicate he had acted solely because he believed he was in immediate physical danger from G.[4] See Dumaine, 162 Ariz. at 404, 783 P.2d at 1196. Rather, King told the officers he "was just sending [G.] a warning," that he "just wanted to get [his] point across that [G.] d[i]dn[']t need to be argumentative," and that being hit by the bottle "pissed [him]

3. As we noted above, the trial court expressed concern that it had applied the wrong standard—"sufficient evidence"—in initially denying King's requested jury instruction. But we find no authority suggesting any meaningful difference between a "sufficient evidence" standard and a "slightest evidence" standard for determining whether a self-defense instruction is warranted. See, e.g., State v. Johnson 108 Ariz. 42, 43, 44, 492 P.2d 703, 704, 705 (1972) (finding "sufficient evidence" existed to warrant self-defense instruction but articulating standard as "slightest evidence"). In any event, even assuming "slight evidence" is a lesser burden than "sufficient evidence," the trial court would still have erred in giving the self-defense instruction because, as we explain, there was no evidence King had acted solely in self defense. See Dumaine, 162 Ariz. at 404, 783 P.2d at 1196.

4. According to King's statement, several other homeless individuals were also present when G. threw the bottle at King. They had apparently become "irate" when King refused their request to give them money. But nothing in the record suggests these individuals threatened King or took any other action that could have justified King's attacking G.

off." King agreed with the interrogating officer that "the anger got the most of [him]."

¶ 17 Although King also stated that he "took [being hit by the bottle] as a threat or an assault or something . . .," when read in context, this statement does not show he had acted solely because of this belief. The interrogating officer immediately asked him, "So that's, that's what pissed you off?" King replied, "Yeah." Accordingly, even if King had acted in part because of the "threat" he perceived, the trial court initially reasoned correctly that the evidence showed King's primary motivation in striking G. had been retaliatory animus. The court also had noted correctly that King's statement did not suggest "that if [King] didn't attack [G.,] maybe an additional bottle or additional attack [would occur]." Thus, the evidence was insufficient to raise a reasonable doubt whether King had acted in self defense, and the court properly rejected his requested instructions. *See Walker*, 52 Ariz. at 482–83, 83 P.2d at 994 (defendant must produce evidence sufficient to raise reasonable doubt); *Judd v. State*, 41 Ariz. 176, 193, 16 P.2d 720, 726 (1932) (if evidence does not indicate self defense, instruction thereon "could accomplish nothing but [the jury's] confusion"). In short, the court abused its discretion in granting King's motion for a new trial because it had not erred in denying King's requested instructions initially. *See Jones*, 120 Ariz. at 559, 587 P.2d at 745.

### Disposition

¶ 18 For the foregoing reasons and because we are compelled by our supreme court's jurisprudence to require that King present evidence on sole motivation, we reverse the trial court's order granting a new trial and remand the case for further proceedings consistent with this decision.

CONCURRING: PETER J. ECKERSTROM, Presiding Judge, and GARYE L. VÁSQUEZ, Judge.