SUPREME COURT OF ARIZONA
En Banc

| | | |
|---|---|---|
| STATE OF ARIZONA, | ) | Arizona Supreme Court |
| | ) | No.  CR-09-0333-PR |
| | ) | |
| Appellant, | ) | Court of Appeals |
| | ) | Division Two |
| v. | ) | No.  2 CA-CR 09-0047 |
| | ) | |
| | ) | Pima County |
| ADAM SCOTT KING, | ) | Superior Court |
| | ) | No.  CR20081774 |
| | ) | |
| Appellee. | ) | **O P I N I O N** |
| _____ | ) | |

Appeal from the Superior Court in Pima County
The Honorable Edgar B. Acuña, Judge

**AFFIRMED**
_____

Opinion of the Court of Appeals, Division Two
222 Ariz. 636, 218 P.3d 1093 (App. 2009)

**VACATED**
_____

BARBARA LAWALL, PIMA COUNTY ATTORNEY                    Tucson
      By   Jacob R. Lines, Deputy County Attorney
Attorneys for State of Arizona

BARTON & STORTS, P.C.                                   Tucson
      By   Brick P. Storts, III
           William E. Perry, III
Attorneys for Adam Scott King
_____

**B E R C H**, Chief Justice

**¶1**      The parties have asked us to decide whether a defendant

in a criminal case must have acted *solely* from a reasonable

belief that he faced immediate physical danger to qualify for a self-defense jury instruction. We hold that the governing statute does not impose such a requirement. *See* Ariz. Rev. Stat. (A.R.S.) § 13-404 (2010).

## I.   FACTUAL AND PROCEDURAL BACKGROUND

¶2         Adam Scott King claims that a homeless person threw a full two-liter bottle of water at him, hitting him in the head. In response, King struck the victim several times and kicked him in the side. The victim's body was found three days later. The victim had five broken ribs and had died from internal bleeding caused by laceration of the spleen.

¶3         King was indicted for second degree murder. At trial, the court denied his request for a self-defense instruction. After the jury returned a guilty verdict, King moved for a new trial. The court granted the motion, concluding that it had applied the wrong standard when considering whether to give the self-defense instruction.

¶4         The court of appeals reversed the order granting the new trial, holding that King was not entitled to a self-defense instruction because he had not presented sufficient evidence that he acted solely from fear of immediate physical danger, citing *State v. Dumaine*, 162 Ariz. 392, 404, 783 P.2d 1184, 1196 (1989). *State v. King*, 222 Ariz. 636, 638 ¶ 11, 218 P.3d 1093, 1095 (App. 2009). The court observed that Arizona's case law on

- 2 -

self defense does not comport with the language in A.R.S. § 13-404(A), the statute governing "justification" for use of force, but concluded that it was bound by the language in *Dumaine*. *Id*. at ¶ 10, 218 P.3d at 1095. We granted review to clarify the elements of a justification defense under A.R.S. § 13-404. We have jurisdiction pursuant to Article VI, Section 5(3) of the Arizona Constitution and A.R.S. § 12-120.24 (2003).

## II. DISCUSSION

¶5        Whether a defendant must act solely based on the belief that self defense is necessary to prevent immediate physical harm is an issue of statutory interpretation, which we review de novo. *State v. Gomez*, 212 Ariz. 55, 56 ¶ 3, 127 P.3d 873, 874 (2005).

### A. Arizona's Justification Statute

¶6        Arizona's justification statute permits a person to act in self defense in certain circumstances:

> [A] person is justified in threatening or using physical force against another when and to the extent a reasonable person would believe that physical force is immediately necessary to protect himself against the other's use or attempted use of unlawful physical force.

A.R.S. § 13-404(A). Justification is not an affirmative defense that the defendant must prove. *Id.* § 13-205(A) (2010). Instead, if the defendant presents evidence of self defense, the state bears the burden of proving "beyond a reasonable doubt

- 3 -

that the defendant did not act with justification." *Id.*

¶7        Although A.R.S. § 13-404(A) thus permits the use of physical force to defend oneself, it does not allow unlimited use of force.  Rather, the statute authorizes force only if and to the extent that a reasonable person would believe necessary to protect against another's use or attempted use of physical force.  *Id.*  Nothing in the statutory language requires that fear of imminent harm be the sole motivation for employing self defense.

¶8        The sole motivation requirement predates statehood, stemming from an early homicide statute that justified self defense if the circumstances were "sufficient to excite the fears of a reasonable person, and the party killing . . . *acted under the influence of such fears alone*."  Ariz. Penal Code, tit. VII, ch. 1, § 182 (1901) (emphasis added), *superseded by* Ariz. Rev. Code § 4590 (1928) (amended A.R.S. § 13-462 (1956), and *repealed by* 1977 Ariz. Sess. Laws, ch. 142, § 15 (1st Reg. Sess.)).

¶9        The justification statute was substantially changed in 1977 during extensive legislative revisions to the criminal code.  At that time, the legislature repealed the earlier version of the justifiable homicide statute and replaced it with A.R.S. § 13-404, the umbrella justification statute currently in force.  1977 Ariz. Sess. Laws, ch. 142, §§ 15, 44 (1st Reg.

Sess.).  Although the justification statute no longer requires that the defendant have acted solely because of fear of imminent physical harm, courts, including this Court, have continued to suggest, albeit in dictum, that for the justification defense to apply, a defendant's fear must be the sole motivation for using force.  *See, e.g.*, *State v. Grannis*, 183 Ariz. 52, 60, 900 P.2d 1, 9 (1995); *Dumaine*, 162 Ariz. at 404, 783 P.2d at 1196; *State v. Reid*, 155 Ariz. 399, 403, 747 P.2d 560, 564 (1987); *State v. Plew*, 150 Ariz. 75, 77, 722 P.2d 243, 245 (1986); *State v. Noriega*, 142 Ariz. 474, 482, 690 P.2d 775, 783 (1984), *overruled on other grounds by State v. Burge*, 167 Ariz. 25, 804 P.2d 754 (1990).

¶10     The court of appeals concluded that the 1977 revision was based on the Model Penal Code (MPC) self-defense provision. *King*, 222 Ariz. at 638 ¶ 9, 218 P.3d at 1095.  The court noted that the comments to the MPC highlight the omission of the "sole motivation" requirement and explain that the MPC provision "does not demand that [the defendant's fear] be the sole motive [for the defendant's] action," MPC § 3.04 cmt. 2(b) & n.13 at 39 (Official Draft 1962), supporting its conclusion that the sole motivation requirement should no longer apply in Arizona, *see King*, 222 Ariz. at 638 ¶ 9, 218 P.3d at 1095.  Nonetheless, the court of appeals felt constrained by *Dumaine* to require that fear of imminent harm be the sole motivation for a defendant's

use of self defense. *Id.* at 638 ¶ 10, 218 P.3d at 1095.

¶11 We disagree that the legislature adopted the MPC provision on self defense. The MPC provision employs a subjective standard, allowing a defendant to justifiably use force "when *the actor believes* that such force is immediately necessary for the purpose of protecting himself." MPC § 3.04(1) (Official Draft 1962) (emphasis added). Section 13-404(A), in contrast, adopts a purely objective standard, permitting the use of force only if a "reasonable person would believe that physical force is immediately necessary to protect himself." *See State v. Eddington*, 95 Ariz. 10, 13, 386 P.2d 20, 22 (1963) (interpreting earlier version of self-defense statute containing "reasonable [person]" language to impose an objective standard).

¶12 We conclude that the sole motivation requirement no longer applies because § 13-404(A), by its terms, does not require that self defense be the defendant's sole motivation for employing self defense. The statute no longer turns on the defendant's subjective motivations, but instead focuses on the reaction of an objective "reasonable person." Thus, the sole question is whether a reasonable person in the defendant's circumstances would have believed that physical force was "immediately necessary to protect himself." A.R.S. § 13-404(A). For this reason, we disapprove any language in cases suggesting or requiring that the defendant's fear of imminent harm be the

sole motivation for employing self defense.

**B.   King's Justification Defense**

¶13      We now turn to whether the evidence, viewed in the light most favorable to King, warranted giving a self-defense instruction. *See Gemstar Ltd. v. Ernst & Young*, 185 Ariz. 493, 503, 917 P.2d 222, 232 (1996) (viewing evidence in light most favorable to proponent of instruction); Ariz. R. Crim. P. 21.1 (applying law relating to jury instructions in civil actions to criminal actions).  We review for abuse of discretion the trial court's ultimate decision to give a self-defense instruction when it granted King's motion for a new trial.  *See State v. Garcia*, 224 Ariz. 1, 18 ¶ 75, 226 P.3d 370, 387 (2010); *State v. Landrigan*, 176 Ariz. 1, 4, 859 P.2d 111, 114 (1993).

¶14      A defendant is entitled to a self-defense instruction if the record contains the "slightest evidence" that he acted in self defense.  *State v. Lujan*, 136 Ariz. 102, 104, 664 P.2d 646, 648 (1983).  The defendant need not present evidence of each element of self defense because the state bears the burden of proving "beyond a reasonable doubt that the defendant did not act with justification"; thus the defendant need only present some evidence that he acted in self defense to be entitled to a self-defense instruction.  A.R.S. § 13-205(A).

¶15      The State argues that King did not present even the slightest evidence that he acted in self defense.  We disagree.

The "slightest evidence" is a low standard that has been defined in the self-defense context as "a hostile demonstration, which may be reasonably regarded as placing the accused apparently in imminent danger of losing her life or sustaining great bodily harm." *Lujan*, 136 Ariz. at 104, 664 P.2d at 648 (quoting *State v. Wallace*, 83 Ariz. 220, 223, 319 P.2d 529, 531 (1957)).

¶16    As the trial court noted in granting King's motion for a new trial, the record contained some evidence that King acted in response to being hit in the head by a two-liter bottle of water thrown by the victim. The thrown bottle suffices to meet the "slightest evidence" standard that supports the giving of a self-defense instruction. *See Lujan*, 136 Ariz. at 104, 664 P.2d at 648.

¶17    This case differs from *Lujan*, in which we affirmed the denial of a self-defense instruction. There, the defendant provoked the "hostile demonstration" that he later claimed required him to act in self defense. *Id*. We held that "[t]he privilege of self-defense is not available to one who is at fault in provoking an encounter or difficulty that results in a homicide." *Id.; see also* § 13-404(B)(3). Here, in contrast, King presented evidence that the victim precipitated the altercation by throwing the bottle at him without provocation.

¶18    Because King introduced evidence that he may have acted to defend himself against the victim's aggression, the trial

court did not abuse its discretion in determining that he was entitled to a justification instruction under A.R.S. § 13-404(A). The defendant need not present evidence that his response was reasonably proportionate because, by statute, the burden remains on the state to prove that the defendant's acts were *not* justified. *See* A.R.S. §§ 13-205(A), -404(A). Therefore, the State may attempt to persuade the factfinder at the new trial that King's response was not proportionate to the threat he faced, and therefore his acts were not justified.

## III. CONCLUSION

¶**19** We vacate the opinion of the court of appeals and affirm the trial court's order granting King a new trial.

_____
Rebecca White Berch, Chief Justice

CONCURRING:

_____
Andrew D. Hurwitz, Vice Chief Justice

_____
Michael D. Ryan, Justice

_____
W. Scott Bales, Justice

_____
A. John Pelander, Justice

- 9 -