NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

KHANOR SANFORD, *Appellant.*

No. 1 CA-CR 16-0382
FILED 9-28-2017

Appeal from the Superior Court in Maricopa County
No. CR 2013-448856-002
The Honorable David O. Cunanan, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Gracynthia Claw
*Counsel for Appellee*

Maricopa County Legal Defender's Office, Phoenix
By Cynthia D. Beck
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge Margaret H. Downie joined.

---

**C A M P B E L L**, Judge:

¶1  Khanor Sanford appeals his convictions and sentences for one count of burglary in the first degree, a class 2 dangerous felony, and one count of murder in the first degree, a class 1 dangerous felony. Sanford argues the trial court abused its discretion by denying his motion to sever his trial from that of his co-defendant. He contends he was severely prejudiced by the joint trial and therefore his convictions and sentences should be vacated. We disagree and affirm.

## FACTS AND PROCEDURAL BACKGROUND[1]

¶2  Sanford and James Johns went to the apartment of a man with whom Johns' girlfriend had fought with earlier that day. Johns and Sanford were both carrying guns. The victim was standing just inside the apartment door trying to prevent their entrance, but Johns pushed through the doorway. Sanford shot the victim and Johns repeatedly hit the victim in the head with his gun. Johns and Sanford left the scene together.

¶3  Sanford and Johns were each indicted with one count of first-degree burglary and one count of first-degree murder. Sanford filed a motion to sever his trial from Johns', which the trial court denied. Sanford unsuccessfully renewed the motion at the outset of trial and again during trial.

¶4  The jury found Sanford guilty of both counts. The superior court sentenced Sanford to concurrent, presumptive terms of 10.5 years' imprisonment on count 1, and life with the possibility of parole after 25 years on count 2.

---

[1]  We view the facts in the light most favorable to sustaining the jury's verdict and resolve all reasonable inferences against the appellant. *State v. Nelson*, 214 Ariz. 196, 196, ¶ 2 (App. 2007).

**DISCUSSION**

**¶5**         Defendants may be joined for trial "when each defendant is charged with each offense included, or when the several offenses are part of a common conspiracy, scheme or plan or are otherwise so closely connected that it would be difficult to separate proof of one from proof of the others." Ariz. R. Crim. P. 13.3(b). Joint trials are the rule, in the interest of judicial economy, despite some possibility of confusion. *State v. Murray*, 184 Ariz. 9, 25 (1995). The court must, however, grant a motion to sever the trial of two or more defendants when "necessary to promote a fair determination of the guilt or innocence of any defendant of any offense." Ariz. R. Crim. P. 13.4(a).

**¶6**         We review a court's denial of a motion to sever the trials of co-defendants for an abuse of discretion "in light of the evidence before the court at the time the motion was made." *State v. Blackman*, 201 Ariz. 527, 537 (App. 2002) (citations omitted). "A clear abuse of discretion is established only when a defendant shows that, at the time he made his motion to sever, he had proved his defense would be prejudiced absent severance." *Murray*, 184 Ariz at 25. The defendant has the burden "to demonstrate that the court's failure to sever caused compelling prejudice against which the trial court was unable to protect." *State v. Tucker*, 231 Ariz. 125, 141, ¶ 40 (App. 2012). Prejudice occurs when:

> (1) evidence admitted against one defendant is facially incriminating to the other defendant, (2) evidence admitted against one defendant has a harmful rub-off effect on the other defendant, (3) there is significant disparity in the amount of evidence introduced against the defendants, or (4) co-defendants present antagonistic, mutually exclusive defenses or a defense that is harmful to the co-defendant.

*Murray*, 184 Ariz. at 25 (citation omitted).

**¶7**         Sanford contends the trial court abused its discretion in denying his motion to sever his trial from that of his co-defendant because the joint trial caused him severe prejudice. He claims all four of the above types of prejudice were present during the joint trial and beyond the power of the trial court to prevent. He therefore claims his convictions and sentences should be vacated. We disagree.

## I.      Facial Incrimination

**¶8**            The parties do not dispute that, at trial, the prosecution presented a videotaped interview between Johns and Detective McMillen. During that interview, Detective McMillen told Johns he "[knew] Khanor [Sanford] shot [the victim]." Sanford argues this statement was facially incriminating because it gave the jury the impression law enforcement knew for certain Sanford was the shooter.

**¶9**            During his testimony, however, Detective McMillen agreed he tries to give suspects "opportunities to tell [him] what happened" and "sometimes act[s] like [he] understand[s] what they might have done in order to get them to talk" during interviews. Detective McMillen also agreed he "might tell lies to the person [he is] questioning," suggesting he may have been trying to provoke Johns into giving up more information. The jury was therefore aware the detective's statement was not necessarily true, and the statement was not necessarily incriminating on its face.

**¶10**            Furthermore, Sanford had the opportunity to cross-examine Detective McMillen specifically about the statement and to clarify further, but did not do so. *Cf. Bruton v. U.S.*, 391 U.S. 123, 126 (1968) ("because of the substantial risk that the jury . . . looked to the incriminating extrajudicial statements [made by the co-defendant] in determining petitioner's guilt, admission of [the co-defendant's] confession in [a] joint trial violated petitioner's" Sixth-Amendment right of cross-examination). The statement was not brought up again by any party throughout the remainder of the joint trial. Therefore, the detective's statement was not facially incriminating and did not cause Sanford compelling prejudice warranting the "severe remedy" of a mid-trial severance. *See State v. Lawson*, 144 Ariz. 547, 555 (1985).

## II.      "Rub-off" Effect

**¶11**            "'Rub-off' occurs when the jury's unfavorable impression of the defendant against whom the evidence is properly admitted influence[s] the way the jurors view the other defendant." *Tucker*, 231 Ariz. at 142, ¶ 42 (citations omitted). This court has previously concluded, however, that if under all circumstances, the jurors are capable of following the court's instructions, keeping the evidence relevant to each defendant separate, and rendering a fair and impartial verdict as to each defendant, a court is not required to sever a defendant's trial due to rub-off. *Id*.

**¶12**            At trial, a witness testified that Sanford was the shooter; contrary to Sanford's argument, this testimony does not qualify as

prejudicial rub-off. First, the witness' identification of Sanford was cumulative to the testimony of at least one other witness. Further, this testimony did nothing to provide the jury with an unfavorable impression of co-defendant Johns that influenced the way the jurors viewed Sanford. Second, Sanford's contention that this witness' identification "bolstered" the State's case fails to address why this statement would not be admissible against Sanford at a separate trial. Third, detectives' testimony that this witness had previously indicated he could not identify both perpetrators speaks to the witness' credibility, not prejudicial rub-off. *See State v. Soto-Fong*, 187 Ariz. 186, 200 (1996) (credibility of a witness is solely a matter for the fact finder; court is not empowered to impose its own determination as to a witness' credibility). Therefore, Sanford did not experience prejudicial rub-off warranting severance.

## III.    Disparity of Evidence

¶13        Severance based on a significant disparity in evidence is required only if, in relation to separate defendants, the jury is unable to "compartmentalize" the evidence. *State v. Grannis*, 183 Ariz. 52, 59 (1995), *disapproved of on other grounds by State v. King*, 225 Ariz. 87 (2010), *as recognized by Tucker*, 231 Ariz. 125. Here, Sanford argues that more evidence presented at trial linked Johns to the murder. He presents no argument, however, that the jury was unable to compartmentalize that evidence as it separately related to Johns and Sanford. Furthermore, the trial court instructed the jury:

> There are two defendants. You must consider the evidence in the case as a whole. However, you must consider the charges against each defendant separately.
>
> Each defendant is entitled to have the jury determine the verdict as to each of the crimes charged based upon that defendant's own conduct and from the evidence which applies to that defendant, as if that defendant were being tried alone.
>
> The defendant's conduct may include acting as a principal and/or an accomplice.

There is nothing in the record indicating the jury was unable to follow this instruction, nor that a significant disparity of evidence prejudiced Sanford. *See State v. Runnineagle*, 176 Ariz. 59, 68 (1993) (curative instruction was

STATE v. SANFORD
Decision of the Court

adequate to alleviate the risk of prejudice from a joint trial; disparity in the weight of evidence against the defendants was not great enough to deny the defendant a fair trial).

## IV.     Antagonistic Defenses

**¶14**          Severance based on antagonistic defenses requires a defendant to demonstrate his defense is "so antagonistic" to his co-defendant's that the defenses are mutually exclusive. *State v. Cruz*, 137 Ariz. 541, 545 (1983). Defenses are mutually exclusive "if the jury, in order to believe the core of the evidence offered on behalf of one defendant, must disbelieve the core of the evidence offered on behalf of the co-defendant." *Id*. The "mere presence of hostility between co-defendants, or the desire of each co-defendant to avoid conviction by placing blame on the other," does not compel severance. *Id.* at 544.

**¶15**          Sanford's theory of defense at trial was that he did not commit the charged crimes. Sanford argues that co-defendant Johns' defense was extremely prejudicial to his own in three ways: first, Johns did not contest most of the evidence presented at the joint trial; second, Johns claimed not to be the shooter and impliedly deflected blame onto Sanford; and finally, Johns repeatedly attempted to prevent the jury from hearing about a potentially culpable third party.

**¶16**          Neither declining to contest evidence offered at trial nor claiming personal non-involvement in the crimes are intrinsically antagonistic, mutually exclusive methods of defense. *See Cruz*, 137 Ariz. at 545 (because both defendants could have been found innocent, as the core of each defendant's defense was his own non-involvement in robbery and murder, the defenses were not mutually exclusive and did not require severance).

**¶17**          As for Sanford's third point of contention—that Johns repeatedly objected to Sanford's questions concerning a third party and that this suggested to the jury defense counsel was "doing something improper or inappropriate"—it is first worth noting that Johns did not always object to these questions and that the objections he did make were not always sustained. In other words, Johns was not actually successful in preventing the jury from hearing about a potentially culpable third party. Therefore, neither the core of Johns' theory of defense nor his defense tactics were antagonistic to Sanford's defense.

## CONCLUSION

**¶18**         Sanford failed to show compelling prejudice against which the trial court did not adequately protect. Therefore, the trial court did not abuse its discretion in denying Sanford's motions to sever his trial from that of his co-defendant. Sanford's convictions and sentences are affirmed.

