492 P.2d 703

**STATE of Arizona, Appellee,**

v.

**Julius JOHNSON, Appellant.**

**No. 2110.**

Supreme Court of Arizona,
In Division.

Jan. 13, 1972.

Gary K. Nelson, Atty. Gen., Phoenix, by Carl Waag and Paul J. Prato, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender, Phoenix, by James H. Kemper and Anne Kappes,

Deputy Public Defenders, Phoenix, for appellant.

STRUCKMEYER, Justice.

Defendant, Julius Johnson, was tried and convicted on the charge of assault with intent to commit murder on Loreace Woods, in violation of A.R.S. § 13–248, and has appealed. Johnson complains that the trial court erred in refusing to instruct the jury on the question of self-defense.

■ Where there is the slightest evidence of self-defense and, hence, justification for an assault, the issue must be submitted to the jury, Everett v. State, 88 Ariz. 293, 356 P.2d 394. In Everett, as here, the defendant's testimony was the sole evidence submitted in his defense, and the defendant's testimony conflicted with the testimony presented by the State's witnesses. This Court concluded the testimony presented by the defendant was material, requiring that the plea of self-defense be submitted to the jury. We have also said the determination of whether a defendant acted in self-defense is a fact question for the jury. State v. Foggy, 101 Ariz. 459, 420 P.2d 934; State v. Fields, 92 Ariz. 53, 373 P.2d 363, and that if the evidence in the slightest degree tends to indicate that violence was done in self-fense, the jury must be instructed thereon, Judd v. State, 41 Ariz. 176, 16 P.2d 720.

The defendant testified that he was living at a place called Esau's Camp in Chandler, Arizona; that he and others, including Loreace Woods, were shooting dice on Sunday, August 3, 1969 at Woods' "place." The defendant found that his money was gone and saw Woods with his pocketbook. At that time the defendant did not say "too much about it because a crowd was there, they were all kinfolks there." When the crap game broke up, the defendant went to Woods' house where he found his billfold empty in the back yard. He then talked to Woods and Woods told him that he did not have defendant's money, but "I'll see can I get it." After defendant left the Woods house and was on his way home, he met two men who told him that "He (Woods) will kill you. He keeps a gun all the time. * * * [H]e keeps a gun in his truck all the time."

Defendant further testified that he then armed himself with a shotgun and went to a barbecue stand, and that shortly thereafter Woods drove up in his truck. Defendant then asked Woods if he had his money and Woods said "no," and then Woods cussed him. Woods was inside his truck and "he kind of leaned to one side, I don't know if he was trying to get a gun or if he was thinking I was going to shoot or what, but that is when I pulled the gun up like that (indicating), and it just went off." Later he testified on cross-examination in response to the question, "You say you accidentally shot the gun?", "Well, I picked the gun up and it shot before I even know it was going to shoot."

■ We think that the foregoing testimony lends itself to an inference that defendant, when he saw Woods lean over in his truck, raised his gun in self-defense. Violence used to the person does not amount to assault in self-defense, A.R.S. § 13–246, subsec. A (6). The jury could have concluded that the defendant was justified in arming himself with a gun in self-defense. It could have further concluded that whether the discharge was accidental or deliberate the force used was commensurate with the circumstances of the case.

The State's sole argument is that the court will not consider the asserted error because defendant failed to set out *in haec verba* the instruction on self-defense which he desired and which the court refused, Rule 5(b), (10), Rules of the Supreme Court, 17 A.R.S. The State's position, we think, is without merit. The trial judge apparently brought up the subject of self-defense during the course of the trial, *sua sponte*. He told the defendant's counsel that a self-defense instruction would not be given and self-defense was not to be argued to the jury. To this, defense counsel made an appropriate objection, but did not thereafter request a specific instruction on self-defense.

**44**

Rule 5(b), (10) requires that an appellant's brief shall set forth the instructions given or refused of which a party complains. This rule is for the convenience of the appellate court in its study of the case. Where, as here, the trial court had by its ruling excluded the issue of self-defense from the jury's consideration, it was obviously superfluous to submit a proposed instruction for the court's consideration and, hence, appellant is excused from complying with the requirements of Rule 5. We hold that there was sufficient evidence of self-defense to require a determination of that fact by the jury and the failure thereafter to submit a requested instruction on self-defense does not prejudice defendant's right to raise the issue on appeal.

Judgment reversed and remanded for a new trial.

LOCKWOOD and CAMERON, JJ., concur.