527 P.2d 762

**STATE of Arizona, Appellee,**

v.

**Luther THORNBURG, Appellant.**

No. 2970.

Supreme Court of Arizona,
En Banc.

Oct. 31, 1974.

N. Warner Lee, Atty. Gen., by Stanley L. Patchell, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by Garth V. Smith, Deputy Public Defender, Phoenix, for appellant.

HAYS, Chief Justice.

The appellant, Luther Thornburg, was charged and found guilty of the crime of assault with a deadly weapon. ARS § 13–249. The trial court suspended the imposition of sentence and placed the defendant on probation for five years. From this he appeals, presenting four issues.

The defendant first complains that the trial court erred in proceeding with the trial in defendant's absence. The right to be present at trial is guaranteed by the Sixth Amendment to the United States Constitution. This right may be waived, but the absence must be voluntary and the defendant must be aware that the trial will proceed if he does not appear. State v. Tacon, 107 Ariz. 353, 488 P.2d 973 (1971). In the instant case, Thornburg signed a "Release Order; Appearance Bond" which stated in large, bold type that the defendant has a right to be present at the trial but that if he fails to appear, "the proceeding will begin without you." Furthermore, the defendant clearly had notice of the date of trial and was, in fact, seen in the courtroom prior to the proceedings that morning.

During the trial, when it appeared that the State would rest its case, defendant's counsel sought an early recess on that day to try to find Thornburg. The defendant was to be the only witness for the defense. The trial court denied the motion, explaining again that defendant had more than adequate notice and that counsel already had had sufficient time to procure the defendant. A grant or denial of a continuance is discretionary with the trial court and we will not interfere unless an abuse of discretion is clearly shown. State v. Tacon, supra. The court fairly exercised its judgment which subsequently proved to be correct; the defendant was no longer in Arizona. There was no error in either of the decisions to proceed in the defendant's absence.

Defendant raises as his second allegation of error the court's refusal to immediately strike the response of a witness and to then declare a mistrial. The testimony objected to occurred as follows:

"Q. She never discussed her marital problems with you?

"A. She didn't have to. I seen him beating on her.

"Q. What was that?

"A. She didn't have to. I seen him beating on her."

(R.T. p. 85)

Counsel at this point made a motion to strike the answer as being unresponsive and irrelevant and shortly thereafter moved for a mistrial. Both motions were denied. Later that afternoon, however, the court instructed the jury to disregard the testimony of the witness except for statements not at issue here. (R.T. pp. 109–110). The answer was therefore stricken as it should have been. Any prej-

udice that the comment might have aroused was minimal in light of the substantial evidence of the defendant's guilt and the corrective instruction to the jury. The failure of the judge to immediately strike the answer was harmless error within the rule of Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969). To declare a mistrial was unnecessary.

 The defendant next raises as error the trial court's refusal to instruct the jury on self-defense. It is true that where there is the slightest evidence of self-defense and, therefore, justification for the assault, the issue must be submitted to the jury. State v. Johnson, 108 Ariz. 42, 492 P.2d 703 (1972). The testimony of all witnesses made it clear that on the morning in question, the defendant approached the car in which his wife was a passenger and fired two shots, both of which hit her. He then proceeded to take her to his car and eventually brought her to the hospital. The only testimony on the issue of self-defense was the following testimony of the victim:

"Q. . . . Did you have a pistol in your purse on the morning of December 14 just prior to the morning of the shooting?

"A. Yes.

"Q. . . . Had you, a few weeks previous to this date, shot your husband in the leg?

"A. Yes."

(R.T. p. 76)

This testimony is not sufficient to meet the rule of State v. Johnson, supra, or to indicate a question of self-defense at the time of the assault. It might have been a question a "few weeks previous." There was no error in the court's refusal to give an instruction on self-defense.

Finally, defendant complains that his motion to vacate the judgment and grant a new trial should have been granted. As we said in State v. Love, 77 Ariz. 46, 266 P.2d 1079 (1954), it is the rule in this jurisdiction that a motion for a new trial on the basis of newly discovered evidence will be denied if it appears that the newly discovered evidence could have been discovered with reasonable diligence. See Rule 32.1(e)(2), Arizona Rules of Criminal Procedure. Counsel claims that if he had learned of the victim's conversation with her husband the night before the incident, he could have presented an effective defense of self-defense. The testimony indicates, however, that he did know of the conversation:

"Q. . . . when the last time was you talked with him [Thornburg].

"A. It was in nighttime.

"Q. The evening before?

"A. Yes."

(R.T. p. 75)

It is apparent that the conversation was known and that the portion of the conversation admissible in evidence would not have changed the verdict. There was no error in the denial of the motion to vacate.

The judgment of conviction and sentence are affirmed.

CAMERON, V. C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.