664 P.2d 646

**STATE of Arizona, Appellee,**

v.

**Guadalupe LUJAN, Appellant.**

**No. 5739–PR.**

Supreme Court of Arizona,
In Banc.

April 6, 1983.

Rehearing Denied June 14, 1983.

three counts of aggravated assault, A.R.S. § 13–1204(A), and one count of criminal damage, A.R.S. § 13–1602(A). The Court of Appeals reversed with a memorandum decision. *State v. Lujan*, 2 CA–CR 2466, filed 5 October 1982. We granted the state's petition for review. We have jurisdiction pursuant to Ariz. Const. art. 6 § 5(3) and A.R.S. § 12–120.24.

Although the defendant raised other issues on appeal, we believe the Court of Appeals properly disposed of them in their opinion. We then consider only one question and that is, did the trial court err in failing to give the defendant's requested self-defense instructions?

The facts necessary for a determination of this issue are as follows. On 6 September 1980, Joe Bonilla, Francisco "Pancho" Velasquez, Blanca Montoya, and Josie and Elizabeth Bonilla were cruising a main street of Casa Grande, Arizona, in Joe's Ford Mustang. Joe Bonilla and Pancho Velasquez rode in the front of the Mustang. Sometime after 10:30 p.m., a Chevrolet station wagon with four occupants overtook the Mustang. In the station wagon were Augustine Mejia, driver, and three passengers, Manuel Martinez, Victor Lujan (the defendant's brother), and the defendant.

According to defense testimony, as the station wagon pulled alongside the Mustang, Victor Lujan saw Pancho Velasquez lean from his seat forward toward the floor of the Mustang. As Velasquez pulled upright into his seat, Victor shouted "you guys want some shit" at Bonilla and Velasquez. Victor testified that he then saw Velasquez swing his arm toward the station wagon.

Without waiting to see what Velasquez had in his hand, Victor shouted "Watch out for the gun" and grabbed a .38 caliber revolver on the seat next to him. He then fired several rounds toward the bottom of the Mustang. Martinez then fired a .20 gauge sawed-off shotgun toward the Mustang. The defendant then fired a .12 gauge shotgun out the window of the station wagon. The defendant testified that he fired

Robert K. Corbin, Atty. Gen., Phoenix, by Bruce M. Ferg, Asst. Atty. Gen., Tucson, for appellee.

J.M. Cardenas, Coolidge, for appellant.

CAMERON, Justice.

The defendant appealed his convictions of second degree murder, A.R.S. § 13–1104(A),

out of fear that Pancho Velasquez was threatening an assault on his fellow passengers. The discharge from the .12 gauge shotgun lodged in the brain of Joe Bonilla and killed him.

The defendant was indicted for murder in the first degree of Joe Bonilla, as well as for aggravated assault and criminal damage. His convictions and judgments of guilt followed. The defendant appealed to the Court of Appeals, which reversed his conviction because of the failure of the trial court to give defendant's requested instruction on self-defense. We granted the state's petition for review because we disagree with the Court of Appeals disposition of the question of the self-defense instruction.

■ Generally, a defendant is entitled to an instruction on any theory of the case reasonably supported by the evidence. *State v. Axley,* 132 Ariz. 383, 392, 646 P.2d 268, 277 (1982); *State v. Melendez,* 121 Ariz. 1, 5, 588 P.2d 294, 298 (1978); *State v. Miller,* 108 Ariz. 441, 445, 501 P.2d 383, 387 (1972). As to the specific issue of self-defense, we have stated that the defendant is entitled to such an instruction if there is the slightest evidence of justification for the defensive act. *State v. Johnson,* 108 Ariz. 42, 492 P.2d 703 (1972); *Everett v. State,* 88 Ariz. 293, 356 P.2d 394 (1960).

In *State v. Wallace,* 83 Ariz. 220, 319 P.2d 529 (1957), we defined "slightest evidence" as that "tending to prove a hostile demonstration, which may be reasonably regarded as placing the accused apparently in imminent danger of losing her life or sustaining great bodily harm * * *." Id. at 223, 319 P.2d at 531. The "hostile demonstration" must be some outward act which the defendant perceives to be immediately life-threatening. *Cf.* A.R.S. § 13–404(A) ("the other's use or attempted use of unlawful physical force"). In *State v. Wallace,* supra, the victim had torn the screen from a kitchen window in an attempt to break into the defendant's home when he was shot. This was found to be a "hostile demonstration."

In *Everett v. State,* supra, we found reversible error in the trial court's failure to instruct the jury on self-defense where the defendant's fear of the victim was accompanied by the victim's (1) close pursuit of the defendant; (2) insertion of his hand into his (victim's) pocket; and (3) verbal threat of force directed to the defendant. Id. 88 Ariz. at 298, 356 P.2d at 398. In *State v. Johnson,* supra, we found reversible error in the trial court's failure to instruct the jury on self-defense where the victim cursed the defendant and then leaned to one side of his truck. The defendant, who heard the victim and saw him move inside his truck, and who had been warned that the victim kept a gun in his truck, then fired his shotgun. Id. at 43, 492 P.2d at 704. We found that the facts testified to by the defendant raised the inference of self-defense. Id.

These prior cases, however, involved unprovoked hostile demonstrations. In the instant case, the defense testimony indicates that the hostile demonstration, if any, was provoked by the occupants of the station wagon. Our statute states:

(B) The threat or use of physical force against another is not justified * * * (3) if the person provoked the other's use or attempted use of unlawful physical force, unless (a) The person withdraws from the encounter or clearly communicates to the other his intent to do so reasonably believing he cannot safely withdraw from the encounter; and (b) The other nevertheless continues or attempts to use unlawful physical force against the person. A.R.S. § 13–404.

■ The defendant was part of a continuing aggression by the occupants of the station wagon against the occupants of the Mustang. The privilege of self-defense is not available to one who is at fault in provoking an encounter or difficulty that results in a homicide. *State v. Moore,* 112 Ariz. 271, 276, 540 P.2d 1252, 1257 (1975). Also, as noted by A.R.S. § 13–404(B), an aggressor may not claim self-defense unless he withdraws from the combat in such a manner as will indicate his intention in good faith to refrain from further aggres-

sive conduct. *See Walker v. State,* 52 Ariz. 480, 83 P.2d 994 (1938). That was not done in the instant case. We believe that when Victor Lujan shouted "you guys want some shit" at the Mustang's passengers, this was a challenge to combat that provoked any threatened use of force the defense claims was represented by the motion of Pancho Velasquez's arm toward the station wagon. Moreover, the mass firing was a continuing aggression upon the Mustang's passengers that occurred contemporaneously with the shouting of the challenge and did not communicate anything like a withdrawal from the encounter.

This is not a case where there was the "slightest evidence" of self-defense. This is a case of no evidence of self-defense, and the trial court did not err in refusing to instruct on self-defense.

That portion of the memorandum opinion of the Court of Appeals that relates to the instruction on self-defense is disapproved. The defendant's convictions and sentences are affirmed.

HOLOHAN, C.J., GORDON, V.C.J., and HAYS, J., concur.

FELDMAN, Justice, specially concurring.

I agree with the result and much of the reasoning of the court's opinion, and write only because of my concern that a portion of the opinion might be interpreted as holding that the defendant's right of self-defense could be impaired by the actions of the other occupants of the vehicle in which he was riding.

Absent a finding that as a matter of law defendant was acting in concert with others, I believe that defendant's right to instruction on self-defense is determined only by his own reasonable actions and perceptions. *See* A.R.S. § 13–404. Defendant testified that he never saw a gun in the possession of the occupants of the other vehicle, no shots were fired at the vehicle occupied by defendant, and the only shots came from defendant's vehicle. Defendant did not drop to the floor, stay in the seat, crouch or take any action to determine whether he was in danger; he simply added his shotgun blast at the end of the fusillade from the guns of the other passengers in his vehicle. The basis for an instruction on self-defense by use of deadly physical force is the reasonable belief that such force is "immediately necessary." A.R.S. § 13–405. Viewing the facts in a light most favorable to the defendant, they do not establish a jury question on this point, and I therefore concur.