NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

HELIODORO VALENZUELA-VALDEZ, *Appellant*

No. 1 CA-CR 13-0372
FILED 09-02-2014

Appeal from the Superior Court in Maricopa County
No.  CR2012-151686-001
The Honorable Steven P. Lynch, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Craig W. Soland
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Charles R. Krull
*Counsel for Valenzuela-Valdez*

**MEMORANDUM DECISION**

Judge John C. Gemmill delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Randall M. Howe joined.

**G E M M I L L**, Judge:

¶1 Heliodoro Valenzuela-Valdez appeals his conviction and sentence for aggravated assault, a class 3 dangerous felony. Valenzuela-Valdez's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), stating that he has searched the record and found no arguable question of law and requesting that this court examine the record for reversible error. Valenzuela-Valdez was afforded the opportunity to file a *pro se* supplemental brief but did not do so. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App. 1999). In the course of our review, we ordered supplemental briefing regarding a jury instruction issue. After consideration of the supplemental briefing and the record, we affirm Valenzuela-Valdez's conviction and sentence but modify the sentencing order requiring Valenzuela-Valdez to pay the cost of his DNA testing.

**FACTS AND PROCEDURAL HISTORY**

¶2 We view the facts and reasonable inferences therefrom in the light most favorable to upholding the jury verdict. *State v. Powers*, 200 Ariz. 123, 124, ¶ 2, 23 P.3d 668, 669 (App. 2001). Applying that standard, the following evidence was admitted at trial.

¶3 In September 2012, Valenzuela-Valdez was drinking beer outside the apartment of an acquaintance, A.M. Later in the evening they were joined by J.S. Valenzuela-Valdez was upset because of an argument with his wife earlier in the day. At one point Valenzuela-Valdez was looking to pick a fight and A.M. had to calm him down.

¶4 At some point in the evening when A.M. was not present, Valenzuela-Valdez stabbed J.S. without apparent provocation. A.M., emerging from his apartment, saw Valenzuela-Valdez holding J.S. with one hand and a knife in the other. He intervened and Valenzuela-Valdez fled. J.S., still in shock, drove home before he discovered the seriousness of his wound. J.S.'s wife called 911, and he was taken to the hospital and subsequently hospitalized for approximately a week.

¶5  Valenzuela-Valdez, meanwhile, was found by Officer M.D. at a nearby residence. Valenzuela-Valdez told Officer M.D. that he had been approached by a man with a knife and that he ran away from the man. Officer M.D., along with Officer M.V., took Valenzuela-Valdez to look for his shoes which he claimed had come off when he ran from the man with the knife. The officers learned that Valenzuela-Valdez might have been involved in a stabbing. Officer M.V. arrested Valenzuela-Valdez, transported him to Cactus Park precinct, and read him his *Miranda* Rights. When asked if he had stabbed someone, Valenzuela-Valdez responded that he was only trying to defend himself. He told officers that he had been attacked, but that he did not know the name of the person who had attacked him.

¶6  After all the evidence and testimony was presented, the jury found Valenzuela-Valdez guilty of aggravated assault and further found that it was a dangerous crime. The jury also found the following aggravating factors: infliction of serious physical injury; use of a deadly weapon; and physical, emotional, or financial harm. The court, considering only the aggravating factor of emotional harm to the victim, sentenced Valenzuela-Valdez to an aggravated term of ten years, with 213 days of presentence credit and community supervision upon release from prison. The court also ordered Valenzuela-Valdez to submit to DNA testing for identification purposes and pay the applicable fee for the cost of that testing.

**ANALYSIS**

¶7  After our initial review of this *Anders* appeal, we issued an order pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988), requesting supplemental briefing by the parties regarding whether the trial court erred in declining to give a self-defense instruction to the jury and, if so, whether such error was harmless. In his supplemental brief, Valenzuela-Valdez argues the evidence revealed that J.S. came toward him in an attacking manner and that Valenzuela-Valdez, not knowing if J.S. had any weapons, acted in self-defense. The State argues the trial court did not err because J.S. did not have a weapon in his hand and had not threatened to use a weapon when he moved towards Valenzuela-Valdez. Further, the State argues that Valenzuela-Valdez testified at trial that the stabbing was an accident. We review a trial court's decision declining to give a requested jury instruction under an abuse of discretion standard. *State v. Bolton*, 182 Ariz. 290, 309, 896 P.2d 830, 849 (1995).

¶8  A defendant is entitled to an instruction on self-defense "if there is the slightest evidence of justification for the defensive act." *State v. Lujan*, 136 Ariz.

102, 104, 664 P.2d 646, 648 (1983). Slightest evidence is defined as that "tending to prove a hostile demonstration, which may be reasonably regarded as placing the accused apparently in imminent danger of losing [his] life or sustaining great bodily harm." *Id.*

¶9        After review of the supplemental briefs and the record in this case, we conclude that the trial court did not err in declining a self-defense instruction. Both parties agree on appeal that the instruction requested orally by Valenzuela-Valdez was based on Arizona Revised Statutes ("A.R.S.") § 13-405. Because the request was oral and the record on appeal does not contain a copy of the requested instruction, we will consider the Revised Arizona Jury Instruction ("RAJI") based on A.R.S § 13-405, which is RAJI Statutory Criminal 4.05:

> A defendant is justified in using or threatening deadly physical force in self-defense if the following two conditions existed:
>
> 1. A reasonable person in the situation would have believed that deadly physical force was immediately necessary to protect against another's use or apparent attempted or threatened use of unlawful deadly physical force; and
>
> 2. The defendant used or threatened no more deadly physical force than would have appeared necessary to a reasonable person in the situation.
>
> A defendant may use deadly physical force in self-defense only to protect against another's use or apparent attempted or threatened use of deadly physical force.
>
> Self-defense justifies the use or threat of deadly physical force only while the apparent danger continues, and it ends when the apparent danger ends. The force used may not be greater than reasonably necessary to defend against the apparent danger.
>
> The use of deadly physical force is justified if a reasonable person in the situation would have reasonably believed that immediate deadly physical danger appeared to be present. Actual danger is not necessary to justify the use of deadly physical force in self-defense.

¶10        The trial court properly denied this instruction because it is not supported by the evidence. At trial, Valenzuela-Valdez admitted the stabbing was

accidental and that he did not intend to stab J.S. He testified he accidentally stabbed J.S. with a knife, which he was using to clean his nails, when J.S. approached him. Valenzuela-Valdez's attorney argued in closing that the stabbing was accidental when he stated that "[Valenzuela-Valdez] never intended to stab him. He never intended to hurt him." Based on an "accidental event" view of the facts, a self-defense instruction was not warranted.

¶11 Alternatively, to the extent a jury might place credence on Valenzuela-Valdez's initial assertions of self-defense to the investigating officers, there is no evidence that J.S. was armed with a weapon or that a reasonable person in Valenzuela-Valdez's position would believe that J.S. would cause Valenzuela-Valdez great bodily harm. *See Lujan,* 136 Ariz. at 104, 664 P.2d at 648; *see State v. Dumaine*, 162 Ariz. 392, 404-05, 783 P.2d 1184, 1196-97 (1989) (overruled on other grounds). We conclude, therefore, that the trial court did not err in declining to give the requested self-defense instruction.[1]

¶12 Finally, Arizona authorizes the department of corrections to "secure a sufficient sample of blood or other bodily substances for [DNA] testing." A.R.S. § 13-610(A). However, this court has held that A.R.S. § 13-610 does not authorize the court to require the defendant to pay for such testing. *See State v. Reyes*, 232 Ariz. 468, 472, ¶ 14, 307 P.3d 35, 39 (App. 2013) (holding that because § 13-610 does not require the defendant to be assessed the cost of DNA testing there was no basis for ordering him to do so). Therefore, we modify the sentence by vacating the portion of the sentencing order requiring Valenzuela-Valdez to pay the cost of DNA testing.

¶13 Having considered defense counsel's brief and examined the record for reversible error, *see Leon*, 104 Ariz. at 300, 451 P.2d at 881, we find none. The evidence presented supports the conviction and the sentence imposed falls within the range permitted by law. As far as the record reveals, Valenzuela-Valdez was represented by counsel at all stages of the proceedings, and these proceedings were conducted in compliance with his constitutional and statutory rights and the Arizona Rules of Criminal Procedure.

¶14 Pursuant to *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984), counsel's obligations in this appeal have ended. Counsel need do no more than inform Valenzuela-Valdez of the disposition of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. Valenzuela-

---

[1] Because we find no error, we do not address whether any such error may have been harmless.

Valdez has thirty days from the date of this decision in which to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.

## CONCLUSION

**¶15** Valenzuela-Valdez's conviction and sentence are affirmed except that we modify the sentence by vacating the portion of the sentencing order requiring Valenzuela-Valdez to pay the cost of his DNA testing.



Ruth A. Willingham · Clerk of the Court
FILED: gsh