NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ABDIRIZAK KOSHIN MOHAMED, *Appellant.*

No. 1 CA-CR 20-0342
FILED 9-2-2021

Appeal from the Superior Court in Maricopa County
No. CR2019-002879-001
The Honorable Aryeh D. Schwartz, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Mark E. Dwyer
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge D. Steven Williams delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge James B. Morse Jr. joined.

**W I L L I A M S**, Judge:

**¶1** Defendant Abdirizak Mohamed appeals his conviction and sentence for criminal damage. Mohamed's counsel filed a brief per *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), advising us there are no meritorious grounds for reversal. Mohamed was granted an opportunity to file a supplemental brief *in propria persona* but did not do so. Our obligation is to review the entire record for reversible error, *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999), viewing the evidence in the light most favorable to sustaining the conviction and resolving all reasonable inferences against Mohamed, *see State v. Guerra*, 161 Ariz. 289, 293 (1989). After reviewing the entire record, we affirm.

### FACTUAL[1] AND PROCEDURAL HISTORY

**¶2** In February 2018, C.O. was leaving his apartment complex when he encountered Mohamed. Mohamed was walking down the sidewalk and started to cross in front of C.O.'s vehicle where the driveway and sidewalk connect. Mohamed claimed the vehicle came very close to him and he believed it was going to hit him. The two exchanged words. C.O. then backed up his vehicle and Mohamed threw a large rock causing a dent to the back fender of the vehicle's passenger side. Mohamed claimed he threw the rock in self-defense after C.O. drove his car toward him at a high speed. After Mohamed threw the rock, C.O. exited his vehicle and confronted Mohamed. C.O. claimed Mohamed then threw a brick and other rocks at him before walking away. Mohamed denies ever throwing anything at C.O.

---

[1] "We view the facts in the light most favorable to sustaining the convictions with all reasonable inferences resolved against the defendant." *State v. Harm*, 236 Ariz. 402, 404, ¶ 3 n.2 (App. 2015) (quoting *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996)).

¶3 C.O. called the police who later arrested Mohamed outside of a nearby mosque. While being booked at the police station, Mohamed became agitated and spat at an officer.

¶4 Mohamed was indicted on two counts of aggravated assault, a Class 3 and a Class 5 felony, and criminal damage, a Class 5 felony. Before trial, defense counsel moved for a competency evaluation pursuant to Arizona Rule of Criminal Procedure 11. The trial court obliged. Following an evaluation and subsequent competency hearing, Mohamed was found competent to stand trial.

¶5 At trial, the court denied Mohamed's motion for judgment of acquittal under Rule 20 of the Arizona Rules of Criminal Procedure.

¶6 The jury acquitted Mohamed of both assault counts but found him guilty of criminal damage. *See* A.R.S. § 13-1602. The court suspended Mohamed's sentence and instead placed him on three years of supervised probation and ordered he pay $5,193 restitution. This timely appeal followed. We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

¶7 A person commits criminal damage by "[r]ecklessly defacing or damaging property of another person." A.R.S. § 13-1602(A)(1). Here, Mohamed admitted to causing damage by throwing a rock at C.O.'s vehicle but claims he acted in self-defense. The jury was properly instructed on the theory of self-defense, but still found Mohamed guilty of criminal damage. *See State v. King*, 225 Ariz. 87, 90, ¶ 14 (2010) (noting "[a] defendant is entitled to a self-defense instruction if the record contains the 'slightest evidence' that he acted in self-defense" (quoting *State v. Lujan*, 136 Ariz. 102, 104 (1983))). The record contains sufficient evidence for a jury to determine beyond a reasonable doubt that Mohamed was guilty of criminal damage.

¶8 All proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, Mohamed was represented by counsel at all stages of the proceedings and was present at all critical stages, with the exception of his competency proceeding, which he voluntarily waived his right to be present at. *See State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel at critical stages) (citations omitted); *State v. Bohn*, 116 Ariz. 500, 503 (1977) (right to be present at critical stages). The jury was properly comprised of eight jurors, and the record shows no evidence of jury misconduct. *See* A.R.S. § 21-102; Ariz. R. Crim. P. 18.1(a). The trial court properly instructed the jury of the

elements of the charged offenses, the State's burden of proof, and Mohamed's presumption of innocence. At sentencing, Mohamed was given an opportunity to speak, and the court stated on the record the evidence, materials, and factors it considered before placing Mohamed on probation. *See* Ariz. R. Crim. P. 26.9, 26.10. Additionally, the length of the probation term was within the statutory limits. *See* A.R.S. § 13-902(A)(4).

## CONCLUSION

**¶9**        We have reviewed the entire record for reversible error and find none; therefore, we affirm Mohamed's conviction and term of probation.

**¶10**        Defense counsel's obligations pertaining to Mohamed's representation in this appeal have ended. Counsel need do no more than inform Mohamed of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Mohamed has thirty days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review to the Arizona Supreme Court. *See* Ariz. R. Crim. P. 31.21. Upon the Court's own motion, we also grant Mohamed thirty days from the date of this decision to file an *in propria persona* motion for reconsideration.



AMY M. WOOD • Clerk of the Court
FILED:   AA

4