IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

---

**STATE OF ARIZONA,**
*Appellee,*

*v.*

**JORDAN CHRISTOPHER EWER,**
*Appellant.*

---

No. CR-21-0059-PR
Filed January 18, 2023

---

Appeal from the Superior Court in Pima County
The Honorable Teresa Godoy, Judge Pro Tempore
No. CR20173539-001
**REVERSED AND REMANDED**

Opinion of the Court of Appeals, Division Two
250 Ariz. 561 (App. 2021)
**VACATED IN PART**

---

COUNSEL:

Kris Mayes, Arizona Attorney General, Alice Jones, Deputy Solicitor General, Karen Moody (argued), Assistant Attorney General, Criminal Appeals Section, Tucson, Attorneys for State of Arizona

Megan Page, Pima County Public Defender, Erin K. Sutherland (argued), Deputy Public Defender, Tucson, Attorneys for Jordan Christopher Ewer

---

JUSTICE BEENE authored the Opinion of the Court, in which CHIEF JUSTICE BRUTINEL, VICE CHIEF JUSTICE TIMMER and JUSTICES BOLICK, LOPEZ, MONTGOMERY, and KING joined.

_____

JUSTICE BEENE, Opinion of the Court:

**¶1**        Arizona's self-defense statute provides that "a person is justified in threatening or using physical force against another when and to the extent a reasonable person would believe that physical force is immediately necessary to protect [one]self against the other's use or attempted use of unlawful physical force." A.R.S. § 13-404(A). The Revised Arizona Jury Instruction ("RAJI") regarding self-defense, however, states that the justification defense applies to a "defendant" instead of a "person." *See* Rev. Ariz. Jury Instr. (Crim.) Justification for Self-Defense 4.04, at 63–65 (4th ed. 2016). In this case, we consider whether the reference to "person" in § 13-404(A) extends to both the defendant and the victim or refers only to the defendant. For the following reasons, we hold that the justification defense provided by § 13-404(A) only applies to a defendant's conduct.

## BACKGROUND

**¶2**        In July 2017, Emily attempted to purchase heroin from Jeffrey Ferri. After Emily gave Ferri twenty dollars, he told her that he would give her the drugs later. When the purchased heroin was not delivered, Emily told her fiancée Gilbert about her failed drug transaction. Gilbert and Emily then went to Ferri's residence to retrieve either the purchased heroin or the twenty dollars. Because Ferri was not home when Gilbert and Emily arrived, Ferri's roommate allowed Gilbert to take a Bluetooth speaker owned by Ferri as "collateral" for the heroin.

**¶3**        Later that night, Ferri, defendant Jordan Ewer, and others drove to Gilbert's home to retrieve the speaker. A confrontation ensued. Fearing that Gilbert might have a gun, Ewer and the others decided to leave; but as they were leaving, Gilbert hit their car with a rock and punched one of the occupants in the car. In response, Ewer got out of the car and

brandished a gun. Seeing the weapon, Gilbert and Emily retreated into their home while Ewer and the others drove away.

¶4        A few hours later, Ewer, accompanied by two other individuals, returned to Gilbert's house. As they arrived, Gilbert and Emily came outside. When Emily noticed that Ewer had drawn his gun, she told him to put it away or she would "smack him in the face with a golf club." At this point, both groups began throwing rocks at each other. As Ewer and the others started backing away from the scene, Gilbert and Emily began to follow them. Ewer responded by firing multiple times in Gilbert's direction, hitting him once in the back. Paramedics responded to Gilbert's house and pronounced him dead at the scene.

¶5        The State charged Ewer with one count of second degree murder, disorderly conduct involving a firearm, and discharge of a firearm in or into the city limits. Before trial, Ewer requested the jury be instructed using the RAJIs for justified use of deadly force in self-defense, defense of a third person, and crime prevention. These instructions provide that "[a] defendant is justified" in using force under specified conditions, and also use the word "defendant" elsewhere. *See* RAJI Justification for Self-Defense 4.04; RAJI Justification for Self-Defense Physical Force 4.05, at 66; RAJI Justification for Defense of a Third Person 4.06, at 68; RAJI Use of Force in Crime Prevention 4.11, at 78.

¶6        The State proposed that the word "defendant" be replaced by "person" throughout the justification instructions, arguing that the jury could apply the justification instructions to Gilbert's conduct as well as Ewer's. Over Ewer's objection, the trial court granted the State's request for the modified justification jury instructions and ruled that the State could argue that the victim's actions were legally justified.

¶7        In its closing argument, the State told the jury that the justification instructions applied equally to the defendant's and Gilbert's actions, and that "if [Gilbert's] conduct was lawful, then [Ewer] is not justified." The jury returned a guilty verdict on all counts.

¶8　　　　The court of appeals vacated Ewer's convictions and remanded for a new trial. *State v. Ewer*, 250 Ariz. 561, 571 ¶ 34 (App. 2021). The court concluded that the "[j]ustification presumptions are not intended to apply to the victim's conduct" and "[t]he modified jury instructions and the state's argument applying them to the victim . . . were therefore improper." *Id.* at 567 ¶ 18. Additionally, the court determined that this error was not harmless because it infected every count against Ewer and had a strong likelihood of misleading the jury. *Id.* at 568–69 ¶ 23.

¶9　　　　We granted review to determine whether the self-defense justification jury instruction may incorporate the use of force by both the defendant and victim or if the instruction applies only to the defendant. This is a question of statewide concern and is likely to recur. We have jurisdiction pursuant to article 6, section 5(3) of the Arizona Constitution.

## DISCUSSION

¶10　　　　"We review a trial court's decision to give a jury instruction for an abuse of discretion." *State v. Aragón*, 252 Ariz. 525, 528 ¶ 6 (2022). We review de novo whether a trial court properly instructed the jury, *State v. Champagne*, 247 Ariz. 116, 130 ¶ 22 (2019), and "whether [the] jury instructions properly state the law," *State v. Payne*, 233 Ariz. 484, 505 ¶ 68 (2013). Additionally, "[w]e consider the jury instructions as a whole to determine whether the jury received the information necessary to arrive at a legally correct decision." *State v. Dann*, 220 Ariz. 351, 363 ¶ 51 (2009).

¶11　　　　Although each party is entitled to jury instructions on "any theory of the case reasonably supported by the evidence," *Champagne*, 247 Ariz. at 137 ¶ 60 (quoting *State v. Bolton*, 182 Ariz. 290, 309 (1995)), a jury instruction is improper if it misleads the jury, *see State v. Kuhs*, 223 Ariz. 376, 384 ¶ 37 (2010).

¶12　　　　Section 13-404(A) states that "a *person* is justified in threatening or using physical force against another when and to the extent a reasonable person would believe that physical force is immediately necessary to protect [one]self against the other's use or attempted use of unlawful physical force." (Emphasis added.) Although A.R.S. § 13-105(30)

defines "person" as "human being," this broad definition could refer to either a defendant or victim. The issue before this Court is whether the reference to "person" in § 13-404(A) is necessarily limited to a defendant, as reflected in Arizona's self-defense jury instruction. *See* RAJI Justification for Self-Defense 4.04.

¶13 To resolve this question, we must consider the context of § 13-404(A) and related statutes on the same subject to properly discern the statutory definition. *See Molera v. Hobbs*, 250 Ariz. 13, 24 ¶ 34 (2020); A.R.S. §§ 13-401 to -403, -405 to -411 (providing justification defenses for the use of deadly force, defense of a third person, defense of premises, defense of property, and the use of physical force in law enforcement and crime prevention). "Our task in statutory construction is to effectuate the text if it is clear and unambiguous," *BSI Holdings, LLC v. Ariz. Dep't of Transp.*, 244 Ariz. 17, 19 ¶ 9 (2018), and to do so, we "interpret statutory language in view of the entire text, considering the context and related statutes on the same subject." *Molera*, 250 Ariz. at 24 ¶ 34 (citation omitted); *see also State ex rel. Larson v. Farley*, 106 Ariz. 119, 122 (1970) (noting that courts look to the "whole system of related statutes").

¶14 Looking to the related justification statutes in Chapter 4 of Title 13 for context, the use of "person" clearly reflects a focus on an individual accused of a crime and subject to criminal prosecution. *See* §§ 13-401 to -403, -405 to -411. For example, § 13-401(A), which discusses the availability of justification as a defense, makes clear that a "person['s]" conduct is only justified for certain crimes and the *defense* "is unavailable *in a prosecution*" for other crimes. (Emphasis added.) Additionally, subsection (B) refers to a criminal prosecution: "[J]ustification, as defined in this chapter, is a *defense* in *any prosecution* for an offense pursuant to this title." § 13-401(B) (emphasis added).

¶15 The other justification statutes also use this common, contextual theme: providing a "person"—a putative defendant in a criminal prosecution—with the ability to lawfully use physical force to protect oneself or a third person from the threatened unlawful use of force by another person, as well as the ability to use force to prevent another person from committing certain enumerated crimes. *See* §§ 13-401 to -403,

-405 to -411. In context, these related statutes indicate that justification defenses are afforded to a "person" who is a defendant in a criminal prosecution.

¶16        Section 13-205(A), another statute that references the justification defense, also provides helpful context in defining "person" in § 13-404(A). This statute provides, in part, that "[i]f evidence of justification pursuant to [A.R.S. §§ 13-401 to -421] is presented by *the defendant*, the state must prove beyond a reasonable doubt that *the defendant* did not act with justification." A.R.S. § 13-205(A) (emphasis added).

¶17        Analyzing the word "person" in § 13-404(A) in context with these related statutes provides the framework to decide this issue. The words "prosecution" and "defendant," and references to a "defense" within the context of these statutes, lead us to conclude that "person" in the justification statutes refers to a criminal defendant, not a "victim." Accordingly, because "person" in § 13-404(A) applies to a defendant in a criminal prosecution, the trial court erred when it modified the standard RAJI justification instructions.

¶18        Modifying the standard RAJI justification instructions to include consideration of the victim's use of force was improper for another reason. As modified, it altered the perspective from which a jury must determine whether the conduct in question was justified. "[T]he sole question is whether a reasonable person in the defendant's circumstances would have believed that physical force was 'immediately necessary to protect himself.'" *State v. King*, 225 Ariz. 87, 90 ¶ 12 (2010) (quoting § 13-404(A)).

¶19        The State argues that whether the victim was justified in using force is one variable in the objective standard used to evaluate the defendant's behavior. We disagree. It is of no import that a victim may have justifiably used or threatened force because the legality of the victim's conduct is immaterial to a justification analysis. Accordingly, the prosecutor's argument to the jury that "if [Gilbert's] conduct was lawful, then [Ewer] is not justified" was incorrect as a matter of law. Even if a victim's conduct is justified, the defendant could still reasonably but

mistakenly believe that use of force against the victim was necessary. *See* A.R.S. § 13-204(A)(2) ("[A] mistaken belief as to a matter of fact does not relieve a person of criminal liability unless . . . [i]t supports a defense of justification . . . ."); *State v. Carson*, 243 Ariz. 463, 468 ¶¶ 21–22 (2018) (recognizing that a mistaken belief regarding a threat can be reasonable from defendant's perception). Because the proper focus of a justification defense is on an objectively reasonable person in the defendant's position, *King*, 225 Ariz. at 90 ¶ 12; *Carson*, 243 Ariz. at 465 ¶ 9, 468 ¶ 22, the trial court erred in modifying the standard RAJI self-defense justification instruction to incorporate the victim's use of force.

**¶20** The court of appeals relied on *State v. Abdi*, 226 Ariz. 361 (App. 2011), to conclude that the self-defense justification jury instruction should not be modified to incorporate a victim's use of force. *See Ewer*, 250 Ariz. at 567–68 ¶¶ 17–18. Although the court reached the correct conclusion, we disagree with its reliance on *Abdi* because the court there improperly relied on legislative history in its interpretative analysis. 226 Ariz. at 364 ¶ 8. We do not consider legislative history when the correct legal interpretation can be determined from the plain statutory text and the context of related statutes. *See SolarCity Corp. v. Ariz. Dep't of Revenue*, 243 Ariz. 477, 480 ¶ 8 (2018) ("The best indicator of [legislative] intent is the statute's plain language, which we read in context with other statutes relating to the same subject . . . .").

**¶21** Our holding today, however, does not mean that a victim's behavior is irrelevant. Self-defense cases often subject a victim's actions to scrutiny. But it is not necessary or appropriate to instruct the jury regarding the victim's justification for the state to prove that the defendant's actions were not justified. Instead, the state can meet its burden in at least two other ways. First, the state can present evidence that the defendant's behavior provoked the victim. § 13-404(B)(3); *see also State v. Lujan*, 136 Ariz. 102, 104–05 (1983) (denying defendant's self-defense instruction because defendant provoked the encounter). Second, the state can show that a reasonable person in the defendant's position would not have thought that physical force was immediately necessary. *State v. Buggs*, 167 Ariz. 333, 336–37 (App. 1990) (rejecting defendant's justification defense because defendant's action was not imminently necessary to prevent harm).

¶22        We also recognize that there may be situations in which it would be appropriate for the trial court to instruct the jury on applicable law based on the state's or defendant's positions at trial in order to assist the jury in analyzing a justification claim.  For example, if a defendant claimed self-defense to justify physical force in response to a victim's alleged aggravated assault, the state may be entitled to a jury instruction regarding aggravated assault to show that a reasonable person in the defendant's position was not justified in responding with physical force. *See State v. Fish*, 222 Ariz. 109, 128 ¶¶ 63–64 (App. 2009) (holding that jury instructions regarding relevant law may be appropriate to assist the jury in determining validity of a self-defense claim).  But here, the instruction was legally incorrect and did not assist the jury in determining the defendant's guilt.

**CONCLUSION**

¶23        For the foregoing reasons, we vacate paragraphs 17–21 of the court of appeals' opinion, reverse the trial court's judgment, and remand this case to the trial court for proceedings consistent with this opinion and the remainder of the court of appeals' opinion including the court's instruction to vacate Ewer's convictions and hold a new trial.