NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

RUDOLF FERNANDO LAMPE, JR., *Appellant.*

No. 1 CA-CR 24-0041

FILED 10-08-2024

Appeal from the Superior Court in Maricopa County
No. CR2023-103493-001
The Honorable Michael Blair, Judge

**REVERSED AND REMANDED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Gracynthia Claw
*Counsel for Appellee*

Maricopa County Office of the Legal Defender, Phoenix
By Cynthia Dawn Beck
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the Court's decision, in which Acting Presiding Judge Kent E. Cattani and Chief Judge David B. Gass joined.

**M c M U R D I E**, Judge:

¶1 Rudolf Lampe appeals his conviction for aggravated assault of a peace officer, arguing he is entitled to a new trial because the superior court failed to give a requested self-defense jury instruction. We agree and reverse Lampe's conviction and sentence.

## FACTS[1] AND PROCEDURAL BACKGROUND

¶2 In January 2023, Tempe Police responded to a call about an assault unrelated to this case. As a police officer approached the suspect, he encountered Lampe standing nearby. The officer instructed Lampe to sit while he talked with the suspect. Lampe refused, claiming he did not have to do so. But Lampe eventually stepped away from the officer.

¶3 As more officers arrived at the scene, they detained the suspect. While officers were detaining the assault suspect, Lampe said he would "jump in" and "go to jail for her." Officer Collins[2] stepped between Lampe and the detaining officers to create space. Collins, who was in uniform, commanded Lampe to move farther away. Lampe refused to comply, saying he was "six feet away" and "the law says I have to be six feet away." Officer Collins then touched Lampe's chest to direct him to step back. Lampe stepped away and swatted Collins's hand off his chest. Collins told Lampe that he had to move back farther, then stepped towards Lampe and pushed him back, causing Lampe to lurch a step backward. Lampe shoved Collins in response, sending her stumbling several feet backward into a nearby building. Other officers tackled and detained Lampe.

¶4 The State charged Lampe with aggravated assault on an officer, a class 5 felony. *See* A.R.S. § 13-1204(A)(8)(a). Two trials took place on the charge. In the first trial, the jury could not reach a unanimous verdict, and the judge declared a mistrial. At the second trial, Lampe voluntarily removed himself from the trial before opening statements. During the second trial, the State introduced into evidence three officers' body camera footage, including that of Officer Collins, and multiple officers testified. Lampe's counsel presented no evidence.

---

[1] We view the facts in the light most favorable to sustaining the judgment. *State v. Mendoza*, 248 Ariz. 6, 11, ¶ 1, n.1 (App. 2019).

[2] To protect the identity of the victim, we use a pseudonym.

¶5          After the close of evidence, the superior court informed both parties that it intended to hear arguments on whether it should include a self-defense jury instruction. Lampe's counsel argued that both of Collins's physical contacts with Lampe were hostile demonstrations that should allow a self-defense jury instruction.[3] The State objected and argued that no self-defense instruction should be given because there was no evidence that Lampe "fear[ed] for [his] life."[4] The court agreed with the State and determined that no evidence existed about Lampe's fear of injury, so it denied the self-defense instruction. The jurors found Lampe guilty as charged.

¶6          Lampe appealed. We have jurisdiction under Article 6, Section 9 of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") §§ 12-120.21(A)(1), 13-4031, and 13-4033(A)(1).

## DISCUSSION

### A.    The Slightest Evidence Warrants a Self-Defense Instruction.

¶7          Lampe argues that the superior court erred by refusing to give a self-defense jury instruction. When determining whether a defendant is entitled to a self-defense instruction, the superior court does not weigh the evidence or resolve conflicts in the evidence but merely "decides whether the record provides evidence upon which the jury could rationally sustain the defense." *State v. Almeida*, 238 Ariz. 77, 80, ¶ 9 (App. 2015) (quotations omitted). Thus, although we typically review the denial of a jury instruction for an abuse of discretion, we "independently assess whether the evidence supported a justification instruction, because that is a question of law and

---

[3]     The requested instruction would have fallen under A.R.S. § 13-404(A) ("[A] person is justified in threatening or using physical force against another when and to the extent a reasonable person would believe that physical force is immediately necessary to protect himself against the other's use or attempted use of unlawful physical force.").

[4]     We note that fearing for one's life is not a requirement for self-defense under A.R.S. § 13-404(A). *Cf.* A.R.S. § 13-405 (Use of deadly physical force is justified if a reasonable person would believe that such force is "immediately necessary to protect himself against the other's use or attempted use of unlawful deadly physical force.").

involves no discretionary factual determination." *State v. Reaves*, 252 Ariz. 553, 566, ¶ 34 (App. 2022) (quoting *Almeida*, 238 Ariz. at 80, ¶ 9).

**¶8**    A defendant need not introduce evidence of each element of self-defense to receive an instruction. *State v. Carson*, 243 Ariz. 463, 467, ¶ 19 (2018). Instead, a defendant is entitled to a self-defense instruction when there is the "slightest evidence" that the defendant acted in self-defense. *State v. King*, 225 Ariz. 87, 90, ¶ 14 (2010). The slightest evidence standard is a "low threshold," and we construe the evidence in the light most favorable to the defendant. *Carson*, 243 Ariz. at 467, ¶¶ 17, 19. The slightest evidence standard is satisfied by any evidence of a "hostile demonstration." *See id.* at 467, ¶ 19 (quoting *King*, 225 Ariz. at 90, ¶ 14).

**¶9**    The record contains the slightest evidence that Lampe shoved Collins in response to a hostile demonstration. Collins made physical contact with Lampe first. Lampe then knocked her hand away and said, "please don't put your hands on me," and stepped away from Collins. Collins asked him to move back farther, and because Lampe slapped her hand away, she pushed him backward. This push caused Lampe to step back towards the edge of a sidewalk bordering the street. At trial, Collins testified that she was worried Lampe's push could have seriously injured her because "there were hard surfaces around" such as "a cobblestone sidewalk" and "brick wall behind [her.]" She also said the type of contact that occurred between her and Lampe "always carr[ies] th[e] potential to injure."

**¶10**    Collins's concern that Lampe's push could have injured her and her admission that her push of Lampe carried a risk of injury provided the slightest evidence that a reasonable person could have feared a similar injury. And Lampe risked more injury because Collins's push caused him to step backward towards a main road. Thus, how Collins pushed Lampe could be reasonably regarded as placing him in danger of sustaining injury, meaning that Lampe's requested self-defense instruction should have been granted. *See State v. Lujan*, 136 Ariz. 102, 104 (1983) (A self-defense instruction is required when there is the slightest evidence showing a hostile demonstration.) (citation omitted).

**¶11**    The State argues that the trial evidence did not show hostility, given the minimal force Collins used on Lampe. But the slightest evidence requirement is minimal. *See King*, 225 Ariz. at 88, ¶ 2 and 90, ¶ 16 (A full two-liter bottle thrown at the defendant's head "suffices to meet the 'slightest evidence' standard that supports the giving of a self-defense instruction."); *Everett v. State*, 88 Ariz. 293, 297-99 (1960) (Victim following

defendant closely with his hand in his pocket and threatening to "finish doing you in" was a hostile demonstration.); *State v. Johnson*, 108 Ariz. 42, 43 (1972) (Victim cursing and bending over in his car was sufficient evidence for a self-defense jury instruction when the defendant was warned that the victim kept a gun in his car.). There was some evidence of hostility about the encounter, and whether the officer's force was lawful is a jury question. *See King*, 225 Ariz. at 91, ¶ 18 (When the jury is given a justification instruction, the State can "attempt to persuade the factfinder" that the defendant's actions were unjustified.).

¶12    A defendant need not show actual or threatened assault to meet the slightest evidence standard. *Carson*, 243 Ariz. at 468, ¶ 21. Rather, the defendant only needs to identify some evidence that a reasonable person in the defendant's place would have believed that the victim would use or attempt to use physical force. *Cf. id.* (To get a jury instruction on the use of deadly force justification, *see* A.R.S. § 13-405, a defendant only had to identify "some evidence that a reasonable person in his place would have believed that [the victim] would use or attempt to use deadly physical force against him."). Reviewing the evidence in the light most favorable to Lampe, the evidence shows that a reasonable person in Lampe's position would believe Collins was "threatening or using physical force against [him]." A.R.S. § 13-404. Thus, the superior court erred by failing to give the self-defense instruction.

¶13    The State argues that Lampe had no legal right to claim self-defense because, as a matter of law, his use of force was unjustified. The State brings various grounds for this argument, including that Lampe provoked the altercation, Lampe failed to withdraw from the encounter, and that Collins's use of physical contact was lawful. But these arguments are misguided.

¶14    Under the slightest evidence standard for granting a justification jury instruction, "we do 'not weigh the evidence or resolve conflicts in it,' but rather we merely 'decide[] whether the record provides evidence upon which the jury could rationally sustain the defense.'" *Reaves*, 252 Ariz. at 566, ¶ 34 (citation omitted). Evidence that the defendant acted in response to a hostile demonstration is all that is required for the defendant to be entitled to a self-defense instruction. *Carson*, 243 Ariz. at 467, ¶ 19. Any further arguments about Collins's minimal or lawful use of force, her lawful orders, Lampe's excessive or unreasonable response, or who provoked the altercation go not to the burden for granting a self-defense instruction but to the State's burden to prove Lampe's actions were unjustified. A.R.S. § 13-205(A); *King*, 225 Ariz. at 91, ¶ 18 (Once a

justification instruction has been given, the State's burden is to persuade the jury that the defendant's actions were not justified.); *Carson*, 243 Ariz. at 468, ¶ 20 (After a showing of a hostile demonstration, the burden shifts to the State to disprove self-defense.). Because the court gave no instruction, whether the State met its burden is not at issue.

**B.     The Superior Court's Failure to Give the Instruction Was Not Harmless Error.**

**¶15**        The State argues that any error in failing to give the self-defense instruction was harmless. We disagree. "Harmless error review places the burden on the state to prove beyond a reasonable doubt that the error did not contribute to or affect the verdict or sentence." *State v. Henderson*, 210 Ariz. 561, 567, ¶ 18 (2005). The key inquiry in determining if an error is harmless is "whether the guilty verdict actually rendered in this trial was surely unattributable to the error." *State v. Leteve*, 237 Ariz. 516, 523, ¶ 25 (2015) (quoting *Sullivan v. Louisiana*, 508 U.S. 275, 279 (1993)).

**¶16**        Justification defenses, including self-defense, are not affirmative defenses. *See* A.R.S. §§ 13-205(A), -404(A). "[I]f the defendant presents evidence of self-defense, the state bears the burden of proving 'beyond a reasonable doubt that the defendant did not act with justification.'" *King*, 225 Ariz. at 89, ¶ 6 (quoting A.R.S. § 13-205(A)). By failing to give a self-defense instruction, the superior court stripped the State of its obligation to meet this burden of proof. *See State v. Fish*, 222 Ariz. 109, 130, ¶ 68 (App. 2009) (When self-defense is the defendant's entire case, the jury must be correctly instructed.). And our supreme court has held that failing to give a justification defense instruction when required by law is reversible error. *See Carson*, 243 Ariz. at 468, ¶¶ 22-24 (self-defense); *State v. Plew*, 150 Ariz. 75, 78 (1986) (same), *abrogated on other grounds by Carson*, 243 Ariz. at 465-66, ¶¶ 10-11; *State v. Wright*, 163 Ariz. 184, 186 (1989) (defense of a third person).

**¶17**        Because the error reduced the State's burden of proof, the jury made fewer determinations than if the court had given a self-defense jury instruction. We cannot say that the guilty verdict was "surely unattributable" to the court's failure to give the self-defense instruction. *See Leteve*, 237 Ariz. at 523, ¶ 25.

## CONCLUSION

¶18        We reverse Lampe's conviction and sentence and remand the case for a new trial.



AMY M. WOOD • Clerk of the Court
FILED:    AGFV